## FOLGER, Executor, etc., vs. DOUSMAN.

PROMISSORY NOTE. (1) *Evidence of contemporaneous oral agreement admissible, when.* (2, 3, 4) *Discharge of liability on, by terms of oral agreement.*

DISCHARGE OF JUDGMENT. (3, 4) *By transfer of judgment to third party in trust for principal defendant.*

1. In an action on a promissory note by one who had only the rights of the payee, defendant claimed that he executed the note while a defendant to a suit by creditor's bill, to the plaintiff in that suit, with a contemporaneous oral agreement that the latter should prosecute that suit to judgment, and seek to make the judgment debt out of the principal defendant therein, and that, if the whole debt were so

made before payment of the note, it should be delivered up to the maker, or, if after payment of the note, then the amount so paid should be refunded to the maker. *Held*, that evidence of such agreement was admissible.

2. If, after such agreement, the plaintiff in said suit collected the judgment, or, without the consent of the maker of the note, put it out of his power to do so, the maker is discharged.

3. It appearing that a transfer of the judgment in said suit to a third party, though made for a valuable consideration, was in fact made *in trust for the principal defendant therein*, the transaction must be treated as a release or discharge of the judgment.

4. There being no proof that the maker of the note advised or consented to a sale or settlement of the judgment for less than the sum due on it, he cannot be held liable on the note. And *quœre*, whether his liability could be continued, after such an assignment or discharge of the judgment, by anything less than an express agreement to that effect.

APPEAL from the Circuit Court for *Rock* County.

Action upon a promissory note made by the defendant, payable to the order of Robert Patten, dated June 8, 1865, and transferred by the payee, after maturity, to the plaintiff, in payment of a debt due from such payee to the plaintiff's testator.

In 1859 Patten recovered a judgment for over $12,000 against the St. Croix & Lake Superior Railroad Company ; and, when the note was given, he had pending an action in equity, commenced by creditor's bill, against the railroad company, the present defendant and others. One of the objects sought to be attained in that action was to reach property or effects in the hands of this defendant belonging to the railroad company.

The circumstances under which the note was given, and the subsequent proceedings affecting the same, are fully set forth in the following findings of the court: " 3. That the defendant, *Talbot C. Dousman*, for the purpose of procuring a release from all personal liability in the last named suit, and that he should not be held liable to the complainant therein on the allegations contained in the aforesaid bill, made and delivered

to the said Patten the promissory note in question, under an agreement then made between the said defendant and the said Patten, by which the latter was to accept and receive said note in full satisfaction of all claims against said defendant in said suit, and in discharge of any judgment or decree that might be rendered against him therein ; and by which agreement it was further provided that in case the said Patten should, before the payment of said note, make his aforesaid judgment out of said railroad company, then said note should be surrendered to said defendant, and the latter be discharged from the payment thereof ; and, if the money on the judgment should be made after the payment of such note, then that the said Patten should refund the money thereon to the said defendant. 4. That, as part of the same agreement, it was further provided that said Patten should prosecute said suit to a conclusion, and seek to make the judgment out of the said railroad company. 5. That afterwards, on the 30th day of April, 1866, the said Patten, with the knowledge and consent of the defendant, sold and assigned the aforesaid judgment to one Ludlow Patten, who paid therefor the sum of $15,000, being $3,079.43 less than the amount then due and unpaid on said judgment. 6. That after the aforesaid sale and assignment of said judgment, no further proceeding was taken by or on behalf of the said Robert Patten, in respect to the collection thereof from the said railroad company, nor in the prosecution of said suit by creditor's bill."

On the foregoing facts the court gave judgment against the defendant for the amount due on the note by its terms ; and this appeal is from such judgment.

*George F. Westover*, for appellant :

1. The plaintiff purchased the note, if at all, long after it was due, and long after the happening of the events material to the defense in this action ; and therefore took it subject to every defense that could be made if the original payee were the plaintiff. *Johnson v. Bloodgood*, 1 Johns. Cas., 51 ; *Sehring*

v. *Rathbun,* id., 331; *Jones v. Caswell,* 3 id., 29; *Hendricks v. Judah,* 1 Johns., 319; *O'Callaghan v. Sawyer,* 5 id., 118; *Lansing v. Lansing,* 8 id., 454; *Comstock v. Hoag,* 5 Wend., 600; *Ehle v. Judson,* 24 id., 97; *Cook v. Helms,* 5 Wis., 107; *Jenkins v. Schaub,* 14 id., ˙1; *Beard v. Dedolf,* 29 id., 136.  2. The agreement made, subject to which the note was given, affected the consideration, and was valid and binding. *Horton v. Arnold,* 17 Wis., 139; *Smith v. Carter,* 25 id., 283; *Jones v. Keyes,* 16 id., 562; *People v. Howell,* 4 Johns., 296; *Pearson v. Pearson,* 7 id., 26; *Schoonmaker v. Roosa,* 17 id., 301; *Slade v. Halsted,* 7 Cow., 322; *Olmsted v. Stewart,* 13 Johns., 238; *Ward v. Perrigo,* 33 Wis., 143; *Peterson v. Johnson,* 22 id., 21; *Hubbard v. Galusha,* 23 id., 398.  3. The sale and assignment of the judgment, by Patten, were a complete satisfaction of the condition in the agreement, under which the note was given, and *eo facto,* the note was discharged, and the defendant was entitled to receive it back to his own possession. *P. Man. Co. v. Falvey,* 20 Wis., 200; *Tappan v. Van Wagenen,* 3 Johns., 465, and cases cited above.

*Pease & Ruger,* for respondent, argued, *inter alia,* that the testimony, by which the oral agreement was claimed to be proved, was incompetent: 1. Because it would vary or contradict the note.  2. Because it would vary and add to a *written* stipulation which the evidence showed was made at the time the note was given. *Gregory v. Hart,* 7 Wis., 532; *Callanan v. Judd,* 23 id., 352–3; *Bank v. Keep,* 13 id., 212–215; *Merriam v. Field,* 24 id., 641–2; *Ely v. Kilborn,* 5 Den., 514–516; *Gridley v. Dole,* 4 Coms., 491–3; *Brown v. Hull,* 1 Denio, 400; Greenl. Ev., vol. 1, §§ 276, 281; Edwards on Bills and Notes, pp. 313–5, 147–8, 424–5; 2 Parsons on B. & N., pp. 508–514. They further argued that the portion of the alleged contemporaneous agreement sought to be proved was no part of the consideration, and that, if it were, the evidence showed or tended to show no failure of consideration; that if it did tend to show such failure, it in no wise shows or ascertains the extent of the

failure, and by consequence thereof, would not be provable, even as a defense *pro tanto* (1 Parsons on B. & N., 203–212); that if it did tend to show a provable failure it would not obviate the objection that the testimony seeks to vary the written agreement made by Finch and Carpenter, the attorneys of the parties. They commented on the testimony at length, as showing that no such oral agreement was proved.

LYON, J. The note in suit was transferred by the payee after maturity, and of course is subject to the same defenses in the hands of the plaintiff, which might have been made to it had the payee retained it and brought an action upon it.

There is some conflict in the testimony concerning the agreement which the circuit court found was made between the defendant and the payee at the time the note was given; but we think the finding in that behalf is supported by a clear preponderance of evidence.

That agreement was proved for the purpose of showing a failure of the consideration for which the note was given; and, although made contemporaneously with the note and not reduced to writing, it is a valid agreement within the doctrine of many decisions of this court. *Jones v. Keyes*, 16 Wis., 562; *Peterson v. Johnson*, 22 id., 21; *Hubbard v. Galusha*, 23 id., 398; *Smith v. Carter*, 25 id., 283.

The payee of the note, Robert Patten, agreed that he would "seek to. make the judgment out of the railroad company," and, if successful, that he would surrender the note to defendant. If he collected his judgment, or, without the consent of the defendant, voluntarily put it out of his power to do so, the defendant is thereby discharged from liability on the note. This is too clear for argument.

The transfer of the judgment to Ludlow Patten, although made for the consideration and in the manner stated in the findings, was in fact made in trust for the judgment debtor — the railroad company. This is satisfactorily proved. The

transaction is equivalent, therefore, to a release or discharge of the judgment, and doubtless would be so adjudged were an action brought for that purpose by a party interested to have the judgment discharged of record.

There is no sufficient proof that the defendant *consented* to the transfer or discharge of the judgment, in any sense which leaves him liable on the note since Patten, the payee, has put it out of his power to collect any further sum on the judgment. True, the defendant knew that negotiations were pending which resulted in the assignment of the judgment; also, that Patten was about to settle the judgment, or assign it, for less than the amount due upon it; and the defendant (using his own language) "helped the trade along as well as he could;" but it does not appear that the defendant consented to or advised a sale or settlement for less than the sum due on the judgment, or that he was ever consulted on the subject. Instead of doing any act which would continue his liability on the note, it is perfectly apparent that his whole object and purpose was to get rid of such liability. Indeed, under the circumstances of this case, there is room for grave doubt whether anything short of an express agreement by the defendant to remain liable on the note, notwithstanding the assignment or discharge of the judgment, would continue such liability.

It seems to us that the defendant has made out his defense to the note, and that judgment should have been rendered in his favor.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to that court to dismiss the complaint.