SAMUEL MINER V. LOUISA B. PEARSON, *et al.*

1. ACTION ON NOTE; *Default of Defendant; Judgment.* In an action against the maker of a note and mortgage, where the petition sets forth the facts in full, and asks for a personal judgment against such maker for the amount due on such note and mortgage, and the defendant is in default for want of an answer, it is error for the court in rendering the judgment not to render a personal judgment as prayed for in the petition.

2. MARRIED WOMAN; *Personal Contract; Liability.* A married woman may, in this state, bind herself by her contracts to the extent of her separate property; and a personal judgment may be rendered against her which will reach any or all of her separate property not exempt from execution under the exemption laws.

### *Error from Franklin District Court.*

THE facts in this case sufficiently appear in the opinion. The district court, at the November Term 1871, upon defendants' default, gave judgment in favor of *Miner*, as plaintiff, against *Walter C. Pearson* only, one of the two defendants sued, and duly served. Because such judgment was not given against *both* defendants, the plaintiff brings the case here on error.

*John W. Deford*, for plaintiff.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Samuel Miner against Louisa B. Pearson and Walter C. Pearson on a promissory note and a mortgage. The petition below alleged that both of the defendants executed said note and mortgage; and the copy of the note attached to the petition shows that both of the defendants executed the note, the name of Louisa B. Pearson being signed to the note first. It does not seem from the record that a copy of the mortgage was attached to the petition. The petition prayed for a personal judgment against both of the defendants, and that the land mòrtgaged be sold to satisfy such judgment. The defendants,

although duly served with summons, made default by not filing any answer in the action. And by such default they admitted the truth of all the allegations of the plaintiff's petition. And therefore the court below should have rendered a personal judgment against both defendants for the amount of the note and mortgage, and should have rendered the further judgment that the land mortgaged should be sold to satisfy the debt. The court below rendered a judgment on the default, but in doing so it did not render any personal judgment against Louisa B. Pearson. Why this was so, the record does not show. But the plaintiff, in his brief, attempting to account therefor, says: "The court stating as a reason therefor, that Louisa B., being a *feme covert*, (wife to Walter C.) was not bound by her contracts set forth in the petition." Now the record does not show that Louisa B. Pearson was a *feme covert*, the wife of Walter C. Pearson, or the wife of any other person. But even if it did, still that would not be a sufficient reason for not rendering a personal judgment against her. A married woman may in this state bind herself by her contracts to the extent of her separate property. And a personal judgment may be rendered against her which will reach any or all of her separate property not exempt from execution under the exemption laws. *Deering v. Boyle*, 8 Kas. 525; *Wicks v. Mitchell*, 9 Kas. 80; *Going v. Orns*, 8 Kas. 85; *Monroe v. May*, 9 Kas. 466; *Knaggs v. Mastin*, 9 Kas. 532; *Faddis v. Woollomes*, 10 Kas. 56; *Larimer v. Kelley*, 10 Kas. 298; *Furrow v. Chapin*, 13 Kas. 107; *Tallman v. Jones*, 13 Kas. 438. There is no reason apparent in the record for the decision of the court below, and the reason suggested by counsel (which is not apparent in the record) is not a good one.

The cause will be remanded, with the order that the judgment be modified so as to correspond with this opinion.

All the Justices concurring.