WOODWARD, Respondent, vs. SMITH, Appellant.

*September 29 — October 20, 1899.*

*Nonnegotiable instrument: Failure of consideration: Evidence.*

In an action upon an order for the payment of money out of a specified fund, brought by an indorsee who had notice that its consideration was the performance of a certain contract and that nonperformance was claimed, it was error to exclude evidence offered to prove such failure of consideration.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Plaintiff sued upon an order in the following words:

"Mission, Outagamie Co., Wis. June 1, 1897.

"*Buckstaff-Edwards Co.:*

"Please pay to the order of G. E. Woodward and Ed. Erickson the sum of $600, the same to be the last $600 due me on my contract, and charge the same to my account.

"JOSEPH SMITH"

which order was indorsed to him in blank by G. E. Woodward and Ed. Erickson. It appeared that at the time of the giving of said order, to the knowledge of the plaintiff, defendant was prosecuting a logging and lumbering contract for the Buckstaff-Edwards Company.

After the introduction of the order in evidence, defendant made several offers to prove, in accordance with the allegations of his answer, that the consideration of the order was the performance of a contract by Woodward & Erickson to drill a well for him, the same to be drilled until running

water was procured or until he directed cessation; that the contract had been breached; and that the plaintiff had full knowledge of the consideration and of the breach, and at the time of the giving of the order undertook to see that the contract was carried out.    These offers of evidence were rejected by the court, who stated in the course of the trial: "My view is that the defendant can only defend against this order by showing damages that have accrued to him by reason of the plaintiff's failure to carry out the promise which he then made."

A verdict was directed for the plaintiff, and judgment entered thereon for the amount of the order and interest, from which defendant appeals.

For the appellant there was a brief by *Kerwin, Phillips, Hicks & Cleveland*, and oral argument by *C. D. Cleveland, Jr.*

For the respondent there was a brief by *Wigman & Martin*, and oral argument by *J. H. M. Wigman.*

DODGE, J.   The law governing the situation presented is elementary.   The order in question is not negotiable, being payable out of a specified fund.  *Brill v. Hoile*, 53 Wis. 537; *Bank of Iron River v. School Directors of Iron River*, 91 Wis. 597.   Further, the plaintiff had notice of the defenses set up.   For both these reasons, he took it subject to all defenses available against the original payees.  Failure of consideration in nonperformance of their contract by Woodward & Erickson would be a good defense.   Randolph, Commercial Paper, § 556; *Folger v. Dousman*, 37 Wis. 619; *Ward v. Perrigo*, 33 Wis. 143.   The evidence offered and rejected would have tended to prove such failure of consideration, and should have been received.   Its rejection excluded defendant from a legitimate defense pleaded in his answer, and was error.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.