Teipel vs. Meyer.

· Teipel, Appellant, vs. Meyer, Respondent.

*February 5 — February 27, 1900.*

*Contracts: Mutuality.*

A contract by which an importer agreed to sell to a dealer certain brands of beer so long as the dealer should thereafter continue to buy said beers from him, but which did not bind the dealer to buy any of such beer, is not binding upon the importer, for want of mutuality.

Teipel vs. Meyer.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The complaint alleges that the parties to this action entered into an agreement whereby "the defendant agreed thereafter to sell and deliver to the plaintiff, at the city of Milwaukee, as the plaintiff should order and request, certain brands of imported beer" (naming them); that defendant was the sole importer; "that, by the terms of the said agreement, the said defendant promised and agreed to deliver to the plaintiff, at Milwaukee, in such quantities as he might from time to time demand, such portions of the said several brands of beer as the plaintiff might wish to purchase, and at the prices thereupon agreed therefor between the plaintiff and defendant, the said delivery to continue thereafter, and said beers to be delivered by the said defendant to the said plaintiff so long as the said plaintiff should thereafter continue to buy the said beers from said defendant;" and that defendant delivered certain quantities of beer about April 19, 1897. The complaint then alleges that defendant fitted up and opened a place of business in Milwaukee at considerable expense, and advertised his business; that about October 1, 1897, the defendant refused to sell plaintiff any more beer, and he was thereby prevented from carrying on his business, and suffered great damage. The answer admits that defendant was the sole importer of said beers, that he sold plaintiff some beer at two different times, and that he refused to longer deal with plaintiff, and denies the other allegations of the complaint. An objection to any evidence under the complaint, because it did not state a cause of action, was overruled. Plaintiff's testimony tended to support the allegations of the complaint. At the close of his testimony the court granted a nonsuit on the ground that the contract was not mutual. Judgment was entered for the defendant, from which the plaintiff takes this appeal.

Teipel vs. Meyer.

For the appellant there was a brief by *N. S. Murphey* and *Herbert Kinne,* and oral argument by *Mr. Kinne.*

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

BARDEEN, J.    The complaint fails to state a cause of action, and the proof is not broader than its allegations.  Summarized, the complaint states that defendant agreed to sell plaintiff certain brands of beer, "so long as the said plaintiff should thereafter continue to buy the said beers from the said defendant."  It is an elementary principle in the law of contracts that, to be binding, they must be mutual.  7 Am. & Eng. Ency. of Law (2d ed.), 114; *Dodge v. Hopkins,* 14 Wis. 630; *Atlee v. Bartholomew,* 69 Wis. 43; *Hoffman v. Maffioli,* 104 Wis. 630.  There is no allegation or claim that the defendant was to furnish all the beer required by the plaintiff's trade, or that he should do so for any specified period, or that plaintiff was to deal in defendant's beers exclusively, or that the defendant should sell exclusively to plaintiff.  The most important missing element in the contract is that the plaintiff does not promise to do anything. He may or may not continue to buy beer of the defendant, as he pleases.  He is not bound to continue in business for a day, and is not bound by any promise to buy a single keg of beer.  The contract was as clearly one-sided as it possibly could have been made.  It had the effect merely to bind the plaintiff to receive and pay for such beer as he might from time to time order from the defendant.  Further than this, it had no binding force, for want of mutuality.  It comes clearly within the line of cases cited in 104 Wis. 630. As supporting the same principle, we cite the following cases: *Am. C. O. Co. v. Kirk,* 68 Fed. Rep. 791; *Davie v. Lumberman's M. Co.* 93 Mich. 491; *Bailey v. Austrian,* 19 Minn. 535.

*By the Court.*— The judgment of the circuit court is affirmed.