Woodward vs. Smith.

Woodward, Respondent, vs. Smith, Appellant.

*February 28 — March 19, 1901.*

*Nonnegotiable instrument: Failure of consideration: Court and jury: Contracts: Performance: Mutuality.*

1. In an action upon an order for the payment of money out of a specified fund, brought by an indorsee against the drawer, the defendant's evidence tended to prove that the order was given as part payment on a contract with the payees by which they were to drill for defendant, at specified prices per foot, until a flowing well was obtained or they were ordered to stop — payment to be made when the work was completed; that the plaintiff knew of the contract and induced defendant to give the order by fraudulently representing that, if it were given, he would furnish the payees the necessary material to complete their contract; and that after said order was given the plaintiff refused to furnish said material and the payees stopped drilling, although they had not obtained a flowing well and were not ordered to stop. *Held,* that the question whether the consideration for the order failed should have been submitted to the jury.

2. A contract with well-drillers by which they were to drill until a flowing well was obtained or they were ordered to stop, at fixed prices per foot depending on the distance drilled, is not void for want of mutuality.

Appeal from a judgment of the circuit court for Outagamie county: John Goodland, Circuit Judge. *Reversed.*

The cause was submitted for the appellant on the brief of *Phillips & Hicks*, and for the respondent on that of *Wigman, Martin & Martin*.

CASSODAY, C. J.   This action is to recover $600, with interest from June 1, 1897, alleged to be due to the plaintiff on an order executed by the defendant on the day and year last named, upon the Buckstaff-Edwards Company, whereby he directed that company to pay Woodward & Erickson $600, and to charge the same to his account, and which order was, for value received, assigned to the plaintiff. It was alleged that the corporation and the defendant each refused to pay such order after due demand.

The defendant answered by way of admissions, denials, and counter allegations to the effect that January 2, 1897, the defendant entered into an agreement with Woodward & Erickson wherein and whereby they agreed to drill for the defendant a flowing well,— they to furnish the materials and do all the work necessary, and to drill until they procured a flowing well or until they were ordered by the defendant to stop drilling; that the defendant was to pay therefor. $1 per foot for the first 200 feet, $1.25 per foot for the next 200 feet, and $1.50 per foot for the balance, until the same should be completed, and to board them and advance to them small sums of money from time to time for spending money only, but that the bulk of the payments was to be made only when the work should be completed; that Woodward & Erickson entered upon the performance of the contract, and continued such work thereunder until such order was given; that during that time the defendant boarded them and advanced to them small sums of money, as requested, amounting in the aggregate to $60; that June 1, 1897, Woodward & Erickson represented to the defendant that they had gone to the end of their rope, and that it was necessary for them to procure more rope, in order

to drill deeper; that the plaintiff, who is the father of George E. Woodward, one of the members of that firm, had been furnishing them material from time to time and would furnish them with enough to finish the contract; that June 1, 1897, the plaintiff represented to the defendant that he was furnishing the material and had furnished the material for Woodward & Erickson to perform the work, and falsely and fraudulently, and with intent to deceive the defendant and to procure from him such order without consideration, represented to him that he would furnish to Woodward & Erickson more and sufficient material to complete their contract, provided the defendant would give such order; that, relying upon such representations and promises, he was induced to give such order, which was without consideration and void; that, upon procuring the order, Woodward & Erickson continued to drill for a short time, until they got to the end of all the rope they had, and then the plaintiff refused to furnish more material, as he had agreed, and they refused to complete their contract and removed their drill and engine; that thereupon the defendant directed the corporation to withhold payment on the order until further directed; that they did not complete the well; that it was not a flowing well, and was worthless to the defendant; and that he was ready to perform his contract. At the close of the testimony the court directed a verdict in favor of the plaintiff for the amount of the order and interest. From the judgment entered upon that verdict the defendant appeals.

This case was here upon a former appeal, and was reversed because the court excluded essential evidence on the part of the defendant, and then directed a verdict in favor of the plaintiff. *Woodward v. Smith*, 104 Wis. 365. On the last trial such evidence was admitted, but the court nevertheless directed a verdict in favor of the plaintiff on the ground that the defendant had "failed to establish his defense in this case." Certainly the testimony of the defend-

Woodward vs. Smith.

ant tended to prove that the contract was as alleged in the answer; that the order was procured from the defendant by the plaintiff personally, and upon his representations and promises; that, when Woodward & Erickson stopped work and abandoned the job, they had drilled to the depth of 540 feet; that they never got a flowing well, and that the defendant never ordered or directed them to stop drilling, but that they stopped of their own accord and refused to drill further. Such testimony of the defendant was corroborated by several witnesses, and to some extent by Erickson. Such evidence was sufficient to take the case to the jury, notwith-standing the evidence to the contrary on the part of the plaintiff.

It is contended on the part of the plaintiff that there was a want of mutuality in the contract. The contract was by parol. The parties differ as to its exact terms. For the purposes of this appeal, it must be assumed that the contract was as testified to by the defendant. If such were the terms of the contract, then Woodward & Erickson were bound to continue drilling at the prices named until they got a flowing well or should be directed to stop by the defendant. There is nothing in the recent decisions of this court to support the contention of counsel for the plaintiff that there was such want of mutuality. *Hoffman v. Maffioli*, 104 Wis. 630; *Teipel v. Meyer*, 106 Wis. 41. On the contrary, the principles conceded in those cases show that such a contract, if made, was binding upon Woodward & Erickson and the plaintiff as their assignee.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.