W. W. SPENCER v. F. D. TAYLOR et al.

No. 13,674.   (77 Pac. 276.)

69   493
69   871

SYLLABUS BY THE COURT.

CONTRACT—Sale of Mineral Waters—Not Void for Want of Mutuality. A contract in which one party agrees at a designated price to furnish certain mineral waters sufficient to supply the trade of a city, and the other party agrees, to furnish vessels for shipment, to pay all express, freight, and advertising expenses, "to use his best endeavors to push the sale of said mineral waters" in said city, and to pay the agreed price to the first party at certain times, is not void for want of mutuality of obligation.

Error from Sumner district court; C. L. SWARTS, judge.   Opinion filed June 11, 1904.   Reversed.

Adams & Adams, and James Lawrence, for plaintiff in error.

Hackney & Hackney, and Hackney & Lafferty, for defendants in error.

The opinion of the court was delivered by

ATKINSON, J. :  This action was instituted by W. W. Spencer against F. D. Taylor and J. W. Reeves to recover damages alleged to have been sustained on account of a failure to comply with the terms of a written contract. After a jury had been impaneled and counsel for plaintiff had read to them the petition of plaintiff with the contract sued on, and made a statement of plaintiff's claim, the court, upon motion of counsel for defendants, discharged the jury and rendered judgment for defendants for costs. Plaintiff brings error.

The following is the contract upon which suit was brought :

"This instrument, made and entered into by and between Taylor & Reeves of Cowley county, Kansas,

first parties, and W. W. Spencer, of Geuda Springs, Kan., party of the second part,

"WITNESSETH : That said first party hereby covenants and agrees to sell and furnish the second party f. o. b. cars at Geuda Springs, Kan., sufficient mineral waters of the Geuda mineral springs to supply the trade of the city of Wichita, Kan., of such springs as required, natural and uncarbonated, for the period of five years from the 1st day of August, 1900, at the price of three cents per gallon, and as soon as the quantity so sold exceeds an average of more than two hundred (200) gallons per day the price is to be two and one-half (2½) cents per gallon ; and when the waters are carbonated the same are to be furnished, but the price to be made to correspond with the additional expenses for all costs incident to such carbonating, bottling, casing, etc. Said Spencer is to have the privilege of renewing this agreement at the termination of said term of five years for the period of another five years on fulfilling his part of this agreement. Said Spencer is to furnish the vessels necessary in which to ship such natural mineral waters, to pay all expressage or freight, and is to use his best endeavors to push the sales of said mineral waters in Wichita, Kan., and is to have the exclusive sale of said waters in said city of Wichita during the existence of this agreement. Said Spencer is to pay for all advertising and all other expenses made by him in connection with the sale of such waters, settlement to be made and money paid over on each and every of the 1st days of each month during this agreement.

"IN WITNESS WHEREOF, we have hereunto subscribed our names this 1st day of August, A. D. 1900, at Geuda Springs, Kan.     TAYLOR & REEVES.
W. W. SPENCER."

The district court found that the petition of plaintiff, to which the contract was attached and formed a part, failed to state a cause of action. It was contended by counsel for defendants that the contract was void for want of mutuality. It is apparent from the

record that in sustaining the motion of defendants for judgment the court found that the petition of plaintiff, with contract attached, failed to state a cause of action on the ground that there was no mutuality of obligation in the contract.   The opening statement made to the jury by counsel for plaintiff will not here receive consideration, as it was confined substantially to the averments of the petition.   In addition to the allegations with reference to the execution of the contract, a recital of the material matters contained therein, and the damages sustained, the petition contained the following averments :

"That at the time of making said contract plaintiff was a resident of Geuda Springs, Kan. ; that as soon as said contract was executed the said plaintiff, relying upon the same, and with the intention and for the purpose of carrying out the provisions and fulfilling his part of the said contract, moved to the city of Wichita, Kan., and purchased horses, wagons, tanks, cases, bottles and other necessary articles to carry on said business, at an aggregate cost to the plaintiff of the sum of five hundred dollars ($500) ; that the plaintiff, in reliance upon said contract and for the purpose of increasing the sale of Geuda Springs mineral water in Wichita, did expend large sums of money in advertising said water, to wit, the aggregate sum of one thousand dollars ($1000) ; that said plaintiff, relying upon the said contract, has spent his entire time in the work of advertising and selling said mineral water in Wichita, Kan., and has at all times used his best endeavors to push the sale of said mineral water in the city of Wichita, Kan., from the date of said contract until about the 15th day of November, 1901, when the said defendants wholly disregarded the terms and provisions of said contract and failed and neglected to ship said water to the plaintiff, after the plaintiff had ordered the same to be shipped, and stated to plaintiff at that time that they would not carry out the terms of the contract, that they would

not ship to him any Geuda Springs mineral water under said contract, and have, since said 15th day of November, 1901, wholly failed and refused to ship to plaintiff any Geuda Springs mineral water under said contract, although frequently requested to so do by the said plaintiff.''

It is apparent that the petition, which includes the contract as a part thereof, by its averments states a cause of action in favor of plaintiff and against defendants.

Is the contract void for want of mutuality, as claimed by defendants ? It is conceded by counsel that a promise is a good consideration for a promise, there being a mutuality of agreement and obligation. It is claimed that the contract imposes no obligation on plaintiff; that he does not bind himself or agree to take of defendants any of the Geuda Springs mineral waters. It will be observed that plaintiff obligates himself to furnish the vessels in which to make shipments of water from the springs; to pay all express and freight charges; to pay all advertising expenses, and ''to use his best endeavors to *push* the sales of said mineral waters in Wichita.'' Defendants had the mineral water to sell. It is to be presumed that they would derive profit on its sale at the price stipulated in the contract. It is also to be presumed that defendants would derive a benefit from plaintiff's advertising the merits of the water in the city of Wichita.

The case of *Railway Co. v. Bagley*, 60 Kan. 424, 56 Pac. 759, is cited by defendants in support of their contention. An examination of the case cited will disclose it to have been determined on the ground that there was no advantage in the contract accruing to the railway company, aside from the haul of the grains actually shipped over its lines; there was no agreement on the part of Bagley to ship over its lines

at the rates fixed by the contract, nor did Bagley obligate himself to do anything. The following cases come nearer to meeting our views and to the provisions of this contract than any cases to which our attention has been directed: *Hickey v. O'Brien*, 123 Mich. 611, 82 N. W. 241, 49 L. R. A. 594, 81 Am. St. Rep. 227 ; *E. G. Dailey Co. v. Clark Can Co.*, 128 id. 591, 87 N. W. 761 ; *Woodward v. Smith*, 109 Wis. 607, 85 N. W. 424. The authorities cited by defendants are bottomed upon contracts with provisions different from those found in the one at bar. This agreement fairly implies that plaintiff, in addition to furnishing the necessary vessels, paying express and freight charges and the expense of advertising, would devote his time, talent and labor to introducing and selling, in the city of Wichita, the waters from these springs. Do not the advertising and the efforts which plaintiff obligates himself to make to create a market in the city of Wichita, if these waters possess merit, reasonably imply a market in said city, a demand to be filled, and a taking of the waters by plaintiff to supply this demand ? It cannot be said that such a contract is wanting in mutuality, or that it imposes no obligation on plaintiff.

The validity of the contract was also challenged on the ground that no revenue stamp had been affixed to the instrument, and a claim made that a compliance with the act of congress of June 13, 1898 (30 U. S. Stat. at L., ch. 448), was necessary to its validity. The judgment of the district court appears from the record not to have been influenced by this claim. While counsel for defendants again urge the claim in this court, the question appears not to be fairly in the record for review, nor have counsel cited authorities in support of their position. We do not feel called on,

under the circumstances, to consider the question. If the claim be renewed on a second trial of the case, authorities decisive of the question will be found collected at page 935 of volume 24 of the second edition of the American and English Encyclopedia of Law.

For error of the district court in holding the contract void for want of mutuality of obligation the case will be reversed, and remanded for a new trial.

All the Justices concurring.