Dewey Ensign, *as Executor, etc.*, v. D. B. Park *et al.*
No. 13,731. (77 Pac. 583.)

Error from Johnson district court; W. H. Sheldon, judge. Opinion filed July 7, 1904. Affirmed.

*I.'O. Pickering*, for plaintiff in error.
*J. W. Parker*, and *H. L. Burgess*, for defendants in error.

*Per Curiam:* On August 31, 1895, Daniel Ensign executed and delivered to D. B. and S. R. Park a written lease to three quarter-sections of land. The tenancy was to commence March 1, 1896, and terminate March 1, 1897. The lessees, to evidence the amount of rent to be paid, executed to Ensign two notes, one for $300 due December 1, 1896, and another for $600 due March 1, 1897, both drawing eight per cent. interest from maturity. The first note was paid in full, and on March 1, 1897, defendants below paid $367.90 on the $600 note. This action was brought to recover the balance due. By way of counter-claim, defendants below pleaded that they rented the land for stock-raising purposes, which Ensign knew; that the landlord permitted the fences around the land to be torn down, depriving the tenants of the use of the land; that Ensign refused to rebuild the fences or permit defendants to do so, and agreed that he would pay the lessees all damages that they might sustain by reason of the removal of the fences, claiming that the fences had been unlawfully and forcibly removed from the land by the township officers, for which he was entitled to damages and would sue the county therefor, and would pay and allow defendants all damages sustained by them. Defendants were given judgment against plaintiff for $167, and he brings error.

The jury found that Ensign made the promise to defendants to pay the damages suffered by them. Many

points are raised and discussed in the brief of the counsel for plaintiff in error, but the pivotal question in the case was whether Ensign made the promise alleged, and, relying thereon, defendants did not repair the fences, and suffered damages thereby. The question was submitted directly to the jury, who found against the plaintiff below. The agreement was founded on a sufficient consideration. (*Spencer v. Taylor*, ante, p. 493, 77 Pac. 276; Clark, Contr. 171.)

The claim of defendants below was based on a new contract outside and beyond the terms of the lease. Mr. Burgess was not disqualified as a witness for defendants. He testified that at the time of his conversation with Ensign he was not employed by him as an attorney, but had always been against him. We have given consideration to the rulings of the court in admitting testimony offered by defendants and find no error in such rulings.

The judgment is affirmed.