No. 21,550.

A. A. KRAMER, doing business as the Columbian Steel Tank Company, *Appellant*, v. B. WALTERS, *Appellee*.

### SYLLABUS BY THE COURT.

1. CONTRACT—*Agent's Authority to Bind Principal.* There was evidence sufficient to show that the plaintiff's agent had authority to bind the plaintiff by contracting with the defendant for the sale of silos by the defendant on commission.

2. SAME—*Promissory Note—Commissions—Counterclaim.* It was not error to submit to the jury the defendant's counterclaim based on those commissions.

3. CONTRACTS—*Meeting of Minds—Agency.* A binding contract is made by the meeting of the minds of an authorized agent and of another person with whom the contract is being made for the agent's principal.

4. SAME—*Consideration—Mutual Promises.* A binding contract can be made by mutual promises; each promise furnishes a sufficient consideration for the other.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed May 11, 1918. Affirmed.

Kramer v. Walters.

*E. D. Stratford,* of El Dorado, *John G. Hutton, John N. Davis, James B. Nourse,* and *C. L. Bell,* all of Kansas City, Mo., for the appellant.

*H. W. Schumacher,* and *George J. Benson,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover on a promissory note. The defendant set up a counterclaim, and recovered judgment for $76. The plaintiff appeals.

In 1913, the defendant purchased a silo from the plaintiff, and, in part payment thereof, gave the note sued on in this action. On January 31, 1914, the defendant wrote the plaintiff that there were men looking at the silo sold to the defendant, and said:

"I am writing you to know what terms you could make and what commission you could pay, if I could draw up the contracts and sell 8 or 10 of these silos. I would try to get these contracts as early as possible, so please give me the best terms you can make and state whether or not you would let me give them the price, and terms of payment. I would want all this understood; also state whether or not you will send me catalogues and literature to distribute among prospective buyers."

On February 6, 1914, the plaintiff replied to this letter as follows:

"Replying to your letter, will say that we have requested our Mr. J. P. Viers, who has charge of the sale of Columbian silos in the southern and central portions of Kansas, and is at present at Rosalia, Kansas, to call on you at his earliest convenience with a view of quoting you commissions for selling Columbian Silos in your immediate neighborhood. If you do not hear from Mr. Viers within a few days, please communicate with us again. We are sending you our new catalogue under separate cover."

Viers visited the defendant in February, and contracted with him for the sale of silos in Butler county. By that contract the defendant was to receive, as commission, 20 percent on all sales of silos made by him without assistance, and 15 percent on all sales made by him in which he received assistance from the plaintiff or his agents. The plaintiff sent the defendant a catalogue and other printed advertising matter, and also sent forms of contracts to be signed by the purchasers of silos. Those contracts contained limitations on the authority of the agent making the sale. The plaintiff also wrote the defendant

to visit some parties who had ordered silos and were about to cancel their orders, and to "get them lined up." Under the agreement made with Viers, the defendant sold and assisted in selling a number of silos in Butler county. The commissions for those sales were not paid, and were set up as a counterclaim against the note.

1. The plaintiff contends that there was not sufficient evidence of the employment of the defendant by the plaintiff to warrant the submission of that issue to the jury. This contention is not good. There was evidence which tended to show that the plaintiff, through Viers, the plaintiff's agent, employed the defendant to sell silos for the plaintiff in Butler county. That evidence was the defendant's letter of inquiry, the plaintiff's reply thereto, the visit of J. P. Viers in accordance with that reply, the contract made by Viers with the defendant concerning commissions, and the letters written by the plaintiff to the defendant requesting him to see certain purchasers of silos and get those purchasers "lined up."

2. Another matter argued by the plaintiff is that it was error to submit the defendant's counterclaim to the jury, for the reason that the defendant knew that Viers had no authority to employ him as agent for the plaintiff. The answer to this matter is that there was no evidence which tended to show that the defendant had any knowledge of any limitation on the authority of Viers at the time the contract was made.

In May or June, 1915, after the defendant had performed the labor for which he claimed compensation, the plaintiff informed the defendant that Viers had no authority to make the contract; but, until the letters were received in which this information was given, the defendant did not have any knowledge that any limitation had been placed on the ·authority of Viers as agent for the plaintiff.

The plaintiff also insists that the limitations contained in the contracts to be taken by the defendant and to be signed by the purchasers of silos constituted notice of the limitation on the authority of Viers. This conclusion cannot be properly drawn from anything contained in those contracts. The limitations therein contained were to be observed by the defendant in selling silos. Those limitations did not concern the authority of Viers in making the contract with the defendant.

Carson v. Railway Co.

3. The plaintiff argues that there was no contract between him and the defendant, because their minds never met on the terms of the contract. This argument is not good. The minds of the defendant and of.Viers, the plaintiff's agent, did meet. According to the defendant's evidence, there was no misunderstanding between him and Viers concerning the contract. Viers represented the plaintiff when the contract was made, and the plaintiff was bound thereby.

4. The plaintiff's final complaint is that there was no consideration for the contract. The plaintiff agreed to pay certain commissions for the sale of silos. The defendant agreed to sell silos for those commissions. These agreements constituted a contract. The promise of each was a sufficient consideration for the promise of the other. (*Spencer v. Taylor*, 69 Kan. 493, 77 Pac. 276; *Hawkins v. Windhorst*, 82 Kan. 522, 108 Pac. 805.) The defendant performed his part of the contract, and was thereafter entitled to the agreed compensation for the services rendered by him.

The judgment is affirmed.