No. 22,310.

ADVANCE-RUMELY THRESHER COMPANY, *Appellant*, V. J. M. NELSON et al., Partners, etc., *Appellees*.

SYLLABUS BY THE COURT.

1. SALE—*Silage Cutter—Written Contract—No Implied Warranty as to Fitness.* Where the written terms of a dealer's contract and order provided that a machine which was sold thereunder was expressly warranted to do good work when properly set up and adjusted, an issue cannot be raised on an alleged implied warranty touching the fitness of the machine for the use to which it was designed.

2. SAME—*No Implied Warranty—Answer States No Defense.* The allegations pleaded in an answer to a petition in an action for the agreed price of a silage cutter sold to defendants, who were dealers in farming machinery, examined, and held to state no defense; and also held, that plaintiff was entitled to judgment on the pleadings.

Appeal from McPherson district court; FRANK F. PRIGG, judge. Opinion filed November 8, 1919. Reversed.

*C. E. Freeman,* of Topeka, for the appellant.

*G. F. Grattan,* and *J. M. Grattan,* both of McPherson, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff sued the defendants for the contract price of a silage cutter. Its motion for judgment on defendant's answer being overruled, the correctness of that ruling is brought here for review.

Plaintiff's petition recited the pertinent facts touching the dealer's contract and order, the delivery of the silage cutter, and defendants' failure to pay. The written contract was attached to the petition. Among its recitals, it was provided:

"The within named goods are warranted to be made of good material and to do good work when properly set up and adjusted. If any parts prove defective, the seller will have the right to replace them, and no

goods are to be condemned on account of such defect if properly made good.

"Purchaser agrees to examine all goods on arrival and notify the seller of any shortage or defective parts and give reasonable time to replace them, or the seller is not to be held responsible for any shortage or defective parts.	.	.	.

"Any defective parts may be charged back to us, but in all such cases the broken or defective parts must be exhibited at settlement to· the authorized agent of said company, who shall return them to the Branch House, and all claims for defective parts must be made during the first season's use."

Defendants answered that they were retail dealers of implements; that the plaintiff's traveling salesman sold them the silage cutter by description and without a sample; that it was a condition precedent that the cutter should be salable or merchantable, and that it was so warranted by plaintiff; that it was not salable or merchantable; that defendants did not accept the goods and no delivery has been made to defendants, and that they were not indebted to plaintiff under the contract; that defendants were ignorant of the silage cutter and its construction, and did trust to the plaintiff's judgment that the cutter was reasonably fit for the use and purpose of a silage cutter; that the cutter was so poor and weak in construction in the foundation that supports the cutter that it is dangerous to life and property, and prospective buyers would not buy it, nor could the defendants safely sell it and be exempt from damages when it was not reasonably safe for use; that by reason thereof the *implied* warranty (of its fitness for sale and use) was broken; and—

"That the defendants never accepted the goods under the contract, but made diligent and constant effort to sell the silage cutter, and were unable to do so from the fact of the weak and poor and insufficient foundation made as a foundation or support for the cutter, and all of which the defendants informed the Rumely Products Company of at once and repeatedly through its traveling salesman who sold such goods, and on its failure to perform its contract the defendants demanded that they take back such goods, on its failure to perform its contract or to remedy the same, and on its failure and neglect to do so the defendants rescinded the supposed contract."

Did this answer plead a defense? Notwithstanding the cloud of words included in the answer, the execution of the written contract between plaintiff and defendants was not denied. Amidst repeated denials of the receipt or delivery of

Thresher Co. v. Nelson.

the silage cutter, there is a tacit and conclusive admission that it was delivered to defendants, and that they had exercised the prerogatives of ownership over it by making "diligent and constant effort to sell the silage cutter." Elsewhere they alleged that they demanded that the defendants "take back" the cutter. It was only after their repeated efforts to sell the machine that they declared that they "rescinded the contract." The allegations of rescission contain no recital that there was a return of the machine, or tender of return, but only a demand that plaintiff, or its traveling salesman, "take back such goods."

A scrutiny of the contract discloses no justification for the defendants' allegation that there were any implied warranties. The warranties were expressed, which precludes all inferences of implied warranties, and no breach of any express warranty was pleaded. The machine was expressly warranted to be made of good material and "to do good work when properly set up and adjusted." The defendants did not allege that the machine had failed to work properly when set up and adjusted. The answer contained no allegation that the machine was ever given a fair trial. It was not pleaded that the machine was not made of good materials, as warranted. It was sold by description, and the description was written in the contract. It was not alleged that the machine did not conform to the description in any particular. This case falls within the rule of *Ehrsam v. Brown,* 76 Kan. 206, 91 Pac. 179, which held that where a known and described article is sold under a contract to be executed by delivery, there is no implied warranty that it shall answer the particular purposes of the buyer. This would be especially true where, as in this case, the fitness of the machine was made the subject of an express warranty. By the written contract, the defendants bound themselves to inspect the machine upon its arrival, and to notify the plaintiff of any defective parts and give plaintiff a reasonable time to replace them. Defendants did not allege compliance with these provisions. (*Iron Co. v. Henneberry Co.,* 103 Kan. 647, 175 Pac. 986.) Upon a painstaking examination of the answer, this court cannot discern that defendants pleaded any defense to plaintiff's action, and our conclusion is that plaintiff was entitled to judgment on the pleadings.

Reversed.