No. 22,310.

ADVANCE-RUMELY THRESHER COMPANY, *Appellant*, v. J. M. NELSON et al., Partners, etc., *Appellees.*

OPINION ON MOTION TO AMEND MANDATE.

Appeal from McPherson district court; FRANK F. PRIGG, judge. Opinion filed May 8, 1920. Motion to amend mandate denied. (For original opinion of reversal, see 105 Kan. 517, 184 Pac. 982.)

*C. E. Freeman,* of Topeka, for the appellant.

*G. F. Grattan,* and *J. M. Grattan,* both of McPherson, for the appellee.

*Per Curiam:* The plaintiff sued the defendants for the price of a silage cutter. The answer stated no defense, and the plaintiff moved for judgment on the pleadings. This motion was denied by the trial court, and the plaintiff appealed. This court held that the plaintiff's motion should have been sustained, and our mandate to that effect was sent to the district court. (*Thresher Co. v. Nelson,* 105 Kan. 517, 184 Pac. 982.) Thereafter the defendants obtained leave of the trial court to file an amended answer, and at the same time that court made a finding that it could not determine from our mandate whether it was our intention to order final judgment or to leave the cause open for further amendments to pleadings. The trial court stayed proceedings until this motion to amend the mandate should be determined by this court.

A motion for judgment on the pleadings is much the same thing as a demurrer, although it is perhaps not ordinarily used instead of a code demurrer unless the moving party confidently anticipates that a final judgment must be rendered upon it. Of course, under the code, if a demurrer is sustained the defeated party can often amend so as to surmount the demurrer. Neither does a favorable ruling on a motion for judgment necessarily terminate a lawsuit; the gravity of the predicament of the defeated party may sometimes be overcome through the lenient discretion of the trial court. Before that discretion should be exercised in his behalf, how-

ever, the trial court should be well satisfied that the defeated party has in fact a meritorious defense. Before permitting a defeated party to "mend his hold" by a new and different defense, after the insufficiency of his pleading, under a motion for judgment, has been ruled on by the supreme court—and when such new defense was not even hinted at in his earlier pleadings—the proffered amended pleading should be scrutinized more critically by the trial court than if the other party had never been put to the expense and annoyance of an appeal.

The plaintiff contends that defendant's amended answer has no more merit than his first answer, but we cannot rule on that point on this motion to amend the mandate.

When the appeal was decided, we assumed that our decision would end this lawsuit. We are still inclined to think it should do so; but we decline to rule that it must do so; and this not especially out of regard for this particular case, but to avoid a rule of practice which might work hardship in cases of unquestioned merit.

The motion to amend the mandate is denied.