No. 33,860

The First Federal Savings and Loan Association, *Appellant*, v. D. E. Thurston, *Defendant*, and Luly Thurston, *Appellee*.

(80 P. 2d 7)

Opinion filed June 11, 1938.

*R. L. Hamilton,* of Beloit, for the appellant.

*Frank A. Lutz* and *A. E. Jordan,* both of Beloit, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This action was commenced by a building and loan association on one of its building and loan form notes against the appellee and her husband, a copy of the note being attached to the petition as an exhibit.

Personal service was had on both defendants, and judgment was rendered against both defendants for the balance due on the note. Three days after such judgment was rendered the wife filed a motion to open up and set aside the judgment as to her, which was done, and she was permitted to answer. She did so and attached to her answer by reference a contract made between her husband and the building and loan association just a month before the date of the note, in which the association agreed to sell the husband a certain five-acre tract for $2,200 and to finance him for $1,700 of the purchase price. The husband agreed to purchase the property and pay $500 of the purchase price in cash and secure the balance by note

and mortgage on the property purchased. The answer attempted to plead want of consideration, fraud and misrepresentation in securing her signature to the note.

Motions were filed by the plaintiff to make the answer definite and certain and also to strike out certain parts thereof. These motions were in general overruled, but defendant was given leave to file an amended answer, which she did, and it was more in detail but along the same line as the original answer. The plaintiff, on July 30, 1937, filed a demurrer to every part of the amended answer except the general denial, and it was overruled on October 8, 1937. Two motions to strike out certain parts of the amended answer were filed by the plaintiff in the month of October and overruled the same month. On December 22, 1937, the plaintiff, by leave of court, filed a reply and a motion for judgment on the pleadings, which motion was by the court overruled the same day it was filed. Another motion to strike out certain parts of the amended answer was filed January 3, 1938, and overruled January 10, 1938. Notice of appeal was filed by the plaintiff with the clerk of the district court on January 11, 1938, containing acknowledgment of service, and was filed with the clerk of this court on January 19, 1938. The overruling of these several motions and the demurrer to the amended answer are assigned by plaintiff as error. The petition, amended answer and reply were each verified.

The dates above noted are given because the second objection stated by the appellee to the review of these proceedings is that the appeal was not taken in time. The rulings on the demurrer and some of the motions to strike out portions of the amended answer were made more than two months before the date of appeal, and it is claimed review is excluded by section 2 of chapter 268 of the Laws of 1937, but section 5 of the same act provides that the two months' rule as to previous orders shall not apply where the appeal is taken from the final judgment within the two months, which was done in this case.

Appellee also challenges the right of appellant to be heard as to the rulings on the motions to make definite and certain and to strike out certain portions of the amended answer because such rulings are not appealable orders and as to the overruling of the demurrer because plaintiff waived such right by pleading over. Appellee cites on the first point G. S. 1935, 60-3303, and *Whitlaw v. Insurance Co.*, 86 Kan. 826, 122 Pac. 1039, and *Fox v. Ryan,* 121 Kan. 172,

246 Pac. 520. Under these authorities there arises the question of whether or not the portions of the answer which the plaintiff moved to strike out were such as would affect a substantial right in the action or determine the action, as is specifically mentioned in the statute above cited. In both the cases cited above the portion of the pleading attacked by motion was not so held, and unless it can be so held it is not reviewable under these authorities. We prefer at this time to pass that question because it necessarily calls for a conclusion as to its affecting substantial rights in the action.

The second challenge raised by the appellee to the review in this case is on account of the abandonment of the error, if any, in the overruling of the demurrer to the answer when the plaintiff filed its reply. Not every pleading over is a waiver of the right to review alleged errors previously committed. One exception is where the question raised by the demurrer involves the matter of the pleading stating a cause of action or defense. Besides, the pleading following the ruling on demurrer must be consistent with the attitude of the party demurring and pleading. It is said on this subject in 2 Am. Jur., Appeal and Error, section 208, that—

"The general rule is that a party, by pleading over after his demurrer is overruled, waives his right to institute appeal or error proceedings from such order or to have such order reviewed on appeal from the final judgment. There are some well-recognized exceptions to the rule, however, one of which is error in overruling a demurrer to a complaint which does not state a cause of action, and the other, error in overruling a demurrer for want of jurisdiction."

In the case of *Scovill v. Scovill*, 144 Kan. 759, 62 P. 2d 852, it was said:

"The appellee insists that the appellant abandoned his right to appeal from the adverse ruling on his demurrer to the petition when he answered, but it seems from the authorities and decisions that in order to constitute an abandonment his attitude must be inconsistent with that which he maintained in support of his demurrer. No inconsistency is apparent in the appellant's attitude in these two steps in this case. In his demurrer he urged that the petition, as a matter of law, did not state facts sufficient to constitute a cause of action. The trial court held otherwise. He then answered the petition, denying the matters of fact set up in the petition. These are by no means inconsistent positions." (p. 763.)

There is no inconsistency in the attitude of the plaintiff in the case at bar in the filing of the demurrer to the amended answer and later filing a reply in the form of a general denial. The demurrer attacked all of the amended answer except the general denial, which was in effect an attack upon the entire ground of defense.

There is another reason why the matter in controversy between the parties to this action is subject to review in this court, even if there should be a substantial objection to the review of the over-ruling of the demurrer to the amended answer, and that is, that immediately after the filing of the reply in this case the plaintiff filed a motion for judgment on the pleadings, which was overruled. An exception was taken to that ruling immediately thereafter and the notice of appeal was served and filed the day after such ruling. So we have here unquestionably before us for review the matter of the correctness or error in overruling the motion for judgment on the pleadings.

The amended answer is a general denial except as to certain admissions, which are: The incorporation of the plaintiff company, change of the name of the former building and loan association to the present name, that the defendant, Luly Thurston, is the wife of D. E. Thurston, her codefendant, and that her husband paid the sum of $312.28 to plaintiff as alleged in the petition. It was then alleged in the amended answer that a month before the date of the note upon which the action was brought the plaintiff association, which was the owner of a certain tract of land in Beloit, Kan., entered into a contract of sale thereof with defendant's husband, the contract being made a part of the answer. That she was not a party to that contract and did not sign it. That thereafter, in pursuance of that contract, the plaintiff, on August 5, 1929, conveyed the land to her husband, and that she was asked to sign a mortgage upon the land in favor of the plaintiff "so as to waive her inchoate rights therein," but no mention was made to her about signing a note for the purchase of shares of stock in the association. That she was at that time "inexperienced in business matters and had never theretofore signed or executed any mortgage or similar paper and was ignorant as to the form or contents of such an instrument." That the officer of the plaintiff company, Eldridge Gaston, who carried on the transaction with her, was one "who had been an old acquaintance of this defendant and codefendant, D. E. Thurston, from the days of their youth." That the sole consideration for the transaction was the balance of the purchase price of said land as set forth in the contract made a month before and signed by her husband. That this defendant received no part or benefit from said consideration and that at the time of the signing of the plaintiff's exhibit A, this defendant did not know, understand or realize that she could be held

personally liable to the plaintiff in any manner whatsoever. That she never was to her knowledge a member of the plaintiff organization and did not purchase or intend to purchase any of its shares of stock or interest therein and never made any assignment thereof to the plaintiff to her knowledge. That she never heard the matter of the purported sale of the shares of stock referred to in said petition mentioned at any time and did not know that there was any such matter involved in said transaction until she was so advised by her attorneys at the time of the preparation of the motion for a new trial herein. That if there was any such transaction it was solely between the plaintiff and her codefendant, D. E. Thurston. This defendant, in signing said exhibit A, attached to the plaintiff's petition, thought and understood from the statements and lack of statements herein set forth, that it was simply part of the mortgage, which mortgage was executed on the 5th day of August, 1929, and recorded in book 58, page 591, of Mortgages, Mitchell county, Kansas. That on the date exhibit A was signed "the plaintiff by its said officer, Eldridge Gaston, called this defendant and her said husband, D. E. Thurston, over the telephone and said, 'We have gotten possession of the house now and wish you folks would come down and sign up the mortgage.'" That thereupon she and her husband went to the plaintiff's office and there "the said Eldridge Gaston said to them, as he pointed to a paper on the desk in front of him, 'Here is the mortgage for you to sign. Sign here,' pointing to the place for the signatures."

That nothing was said to her or to her husband at that time by the plaintiff or its officers about the purchase of seventeen shares of stock of the association or about certificate No. 324 evidencing the same, nor about a loan being made upon said shares or anything about dues upon them, "nor anything about this defendant signing a note." That relying upon the foregoing statements and lack of statements, this defendant was induced to and did sign said exhibit A, believing at the time of such signing that the same was a mortgage only, as aforesaid, waiving her inchoate rights.

The closing paragraph of the amended answer, except the prayer, is as follows: "That said deed to D. E. Thurston is also made a part hereof for the purpose of reference and is recorded in book 46, page 474, of Deed Records, Mitchell county, Kansas. That the said purported note and contract, exhibit A of plaintiff's petition, is wholly without consideration as to this defendant and is void for

lack of consideration and is void for the further reason that the same was by the said plaintiff, through its said officer, Eldridge Gaston, represented to this defendant to be only a mortgage, and this defendant relied upon said representation and believed the same to be true. That she would not have signed said contract note had she understood or believed the same to be the instrument that it now purports to be, nor would she have signed the same had she believed or understood that it created any liability against her independently of the mortgage, nor had she understood that by so doing she was creating or assuming the liability as now claimed."

The defendant claims the amended answer contains two defenses: first, want of consideration as to her, and second, that her signature to the note was obtained under fraudulent circumstances. She urges that she did not receive the deed to the property conveyed to her husband and she did not sign the original contract of sale and purchase which contained the only consideration between the plaintiff and her husband, citing *Schuler v. Myton,* 48 Kan. 282, 29 Pac. 163, where it was held that—

"An agreement to do or the doing of that which a person is already bound to do does not constitute a sufficient consideration for a new promise." (Syl. ¶ 1.)

This was a case where a subsequent oral agreement was attempted to be enforced which modified a previous written agreement.

The defendant also cites the case of *Gaar, Scott & Co. v. Green,* 6 N. D. 48, 68 N. W. 318, where it was held:

"Where a party is legally bound by contract to execute certain papers, but refuses to do so unless the other party to the contract will enter further agreements and promises, such further agreements and promises are without consideration, and impose no liabilities." (Syl. ¶ 1.)

The further agreement and promise in the case at bar is not a modification or change of the original agreement. Two other cases cited by defendant are *Bartlett v. Wyman,* 14 Johns. (N. Y.) 260, and *Carpenter v. Taylor,* 164 N. Y. 171, 58 N. E. 52. Both of these cases grow out of circumstances where extra or additional compensation was subsequently promised.

In the case at bar, if we consider the signing and giving of the note in connection with the agreement of sale and purchase, they each had a separate consideration; that in the first was a promise for a promise; that in the second was the deed of conveyance and the financing of the purchase by a loan of $1,700.

It is said in 12 Am. Jur., Contracts, § 113:

"Subject to qualifications, hereinafter stated, it is a general rule that a promise by one party is a sufficient consideration for a promise by the adverse party. . . .

"It is the promise, and not the performance thereof, that constitutes the consideration for the promise. Nonperformance of a promise which was the consideration for another promise does not constitute want of consideration, although it may be ground for an action for damages."

This also answers an argument made in the brief of appellee that plaintiff could have recovered against her husband for the balance due on the sale of the lot by suit on the original contract. The only recovery that could have been had against the husband on a breach of that contract by him would have been damages, and not the balance of the purchase price.

In *Kramer v. Walters*, 103 Kan. 135, 172 Pac. 1013, it was held that—

"A binding contract can be made by mutual promises; each promise furnishes a sufficient consideration for the other." (Syl. ¶ 4.) (See, also, *Peoples Exchange Bank v. Miller*, 139 Kan. 3, 29 P. 2d 1079, and 6 R. C. L. 676.)

Defendant calls our attention to the fact that the note on which the action is brought commences with the words, "I hereby agree," to show that she was not intended to be a party thereto. But it might be so worded if it were signed by a surety. She further urges that as the deed went to her husband she received no interest in the property which he purchased and therefore she should not be held liable under the contract note. But there would be such liability even if she were only a surety and received no benefit except what passed to the principal, and that is held to be a sufficient consideration.

It is said in 30 C. J. 895:

"Of course there must be a consideration for the guaranty or suretyship, although it may consist entirely of a benefit to the principal. The contemporaneous lending of money to the husband is a sufficient consideration for the wife's signature as surety on a note in which she expressly pledges her separate estate. . . . Where the wife signs a note or pledges or mortgages her property or otherwise contracts for a consideration that moves to her husband or to a third person, she or her estate receiving no part of the benefit, she will be regarded as a surety." (See, also, *Miner v. Pearson*, 16 Kan. 27.)

As to the defense of fraud or false representations, including the lack of statements or explanation, it should be noted first that twice in the long amended answer she admitted signing the note, but claimed she did so by reason of not being familiar with such busi-

ness and by reason of the misstatements made to her at the time she signed the same. There is no allegation that she was unable to read the note before signing it or that she asked any one to read it to her. She complains of the note containing references to purchase and assignment of stock in the building and loan association, the payment of monthly dues and other items of expense in connection with land purchased by her husband. One must make an effort to inform herself before she can expect to avail herself of fraud and misrepresentation. One is presumed to know the law, and our statutes fully state what the provisions and contents of a building and loan note shall be (G. S. 1935, 17-1011). Other sections in the same chapter and article give additional information concerning transactions of this kind. It takes more than an omission or failure to state and explain the whole situation, even by a life-time acquaintance, to constitute fraud and misrepresentation to one who fails to read the document signed or to ask that it be read to her.

It was held in the early case of *Roach v. Karr,* 18 Kan. 529, that—

"Where a wife signed a mortgage-deed on a homestead, to secure a note executed by her and her husband, to take up a prior usurious note of a like amount secured on the same homestead, and the wife alleged in her answer that the mortgage was given without her consent, and the proof showed that the wife was illiterate and could only read a little by spelling the words, that the mortgage was not read to her, that she inquired of her husband as to its contents at the time of making her mark to the mortgage, and was told by him 'that it was none of her business, that it did not amount to a row of pins—that it was a note;' and that she signed the instrument believing it was a note; *held,* that if the wife was mistaken or deceived as to the contents of the said written instrument it was the result of her own gross negligence; that she should have demanded the paper to be read to her, and that if she relied upon the representations of her husband, it was at her peril alone. . . ." (Syl. ¶ 3.)

It was held in the case of *Ferguson v. Nuttleman,* 110 Kan. 718, 205 Pac. 365, that—

"A wife who can read and write, and who at the request of her husband signs with him a mortgage on their homestead but does not know that it is a mortgage and does not understand its nature or effect, cannot avoid the mortgage where no fraud has been practiced nor duress exercised on her to procure her signature thereto." (Syl. ¶ 1.) (See, also, *Smyser v. Kline,* 129 Kan. 72, 281 Pac. 927; and *Mid-West Lumber Co. v. Wagner,* 133 Kan. 405, 300 Pac. 1067.)

This rule was distinguished in the case of *Larrick v. Jacobson,* 139 Kan. 522, 32 P. 2d 204, where the element of intention and de-

sign on the part of the plaintiff to deceive and mislead the defendant entered into the case. That element is not in this case even by inference.

Under these authorities we must conclude the amended answer did not sufficiently allege want of consideration or fraud and misrepresentation to constitute a defense to the action on the note. Notwithstanding the general denial in the first part of the amended answer, all the necessary allegations of the petition as to the execution and validity of the note, except consideration and fraud, were specifically admitted in the amended answer. We think the demurrer to the amended answer should have been sustained, and under all the circumstances of this case the trial court would not have committed error in sustaining the motions to strike out parts of the amended answer. Since the answer in the case is an amended one, and after the filing of the reply there being a motion for judgment on the pleadings and the defense to the liability wholly failing, we think there is nothing left to be tried out, and the trial court should have sustained the motion of the plaintiff for judgment on the pleadings.

It was held in *Manufacturing Co. v. Porter,* 103 Kan. 84, 172 Pac. 1018:

"Where all the controlling facts to determine a liability are established, and the defense to the liability wholly fails, a new trial is unnecessary, and final judgment on the liability should be ordered." (Syl. ¶ 3.) (See, also, *Thresher Co. v. Nelson,* 105 Kan. 517, 184 Pac. 982; id., 106 Kan. 716, 189 Pac. 907; *Security Benefit Ass'n v. Swartz,* 146 Kan. 267, 70 P. 2d 16; and *Gaston v. Collins,* 146 Kan. 449, 72 P. 2d 84.)

The rulings of the trial court are reversed and the cause is remanded with directions to render judgment on the pleadings for the plaintiff.