M. A. JOY v. NATIONAL EXCHANGE BANK OF DALLAS ET AL.

Decided May 6, 1903.

**Sale—Rule of Caveat Emptor—Latent Defect—Secondhand Goods.**

Where goods are in esse, and may be inspected by the buyer, and there is no fraud on the part of the seller, the rule of caveat emptor applies, even though the defect which exists in them is latent and not discoverable on examination, at least where the seller is neither the grower nor manufacturer of them. Rule applied to sale of a secondhand electrical generator.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale.

*John S. Young,* for appellant.

*Frank Reeves,* for appellees.

NEILL, ASSOCIATE JUSTICE.—On November 7, 1901, the Southwestern Electrical Engineering and Construction Company sold the appellant, M. A. Joy, an electrical generator, for which appellant agreed to pay the company $500 cash. Afterwards the company assigned its account against Joy for the purchase money to the National Exchange Bank of Dallas, and guaranteed its payment. This suit was brought by the bank against the appellant on the account, and against the company on its guaranty.

The appellant answered that he bought the generator upon the company's warranty that it was in good working order and equal to its rated capacity in generating electricity, sound and free from defects of labor and material, and a good first-class second-hand machine in good condition. That there was a breach of such warranty, in that the machine would not run and operate because the field coils were soaked with oil and the insulation decayed, etc.

The only issue in the case is: Was the machine sold upon the alleged warranty? The undisputed evidence shows that the generator was not manufactured by the seller, and that it was a second-hand machine. That appellant knew these facts, and that the generator was open to his inspection when he bought it. The rule is: "Where goods are in esse, and may be inspected by the buyer, and there is no fraud on the part of the seller, the maxim caveat emptor applies, even though the defect which exists in them is latent, and not discoverable on examination, at least where the seller is neither the grower nor manufacturer." Mechem on Sales, sec. 1316. There was no fraud plead by appellant. Therefore there could be no implied warranty, and none is alleged.

The question of the express warranty plead was for the jury; and it having, upon a charge properly submitting the issue, found, upon evidence reasonably sufficient to sustain the verdict, in favor of the appellee—no assignment of error being well taken—we will affirm the judgment.

*Affirmed.*