PATRICK J. FLAHERTY *vs.* THE MAINE MOTOR CARRIAGE COMPANY.

Cumberland.    Opinion October 10, 1918.

*Sales of manufactured articles.    Rule in Maine in regard to warranty of same.*

In an action for money had and received to recover the amount paid toward the purchase price of an auto truck, the plaintiff claiming a breach of implied warranty on the part of the defendant in the sale of the truck and a valid rescission on his own part, a verdict was rendered in favor of the plaintiff.

Upon defendant's exceptions it is

*Held:*

1.  The defendant was a dealer in machines of standard and well known types manufactured by others.    Under the written contract he was bound to supply a certain described and defined type of truck well known in the general market.

2.  The contract carried with it no guaranty or warranty or representation of suitableness nor of adaptability to the plaintiff's business.    The plaintiff had made his own selection as to type and the responsibility for the wisdom of the choice rested on him, not on the seller.

3.  An instruction that there was an implied warranty on the part of the seller that the truck was suitable for the business and adapted to the purpose for which it was purchased by the plaintiff was reversible error.

Action on the case to recover certain money paid by plaintiff to defendant on account of the purchase price of a certain automobile truck, plaintiff alleging that there was a breach of warranty in the sale thereof.    Defendant filed plea of general issue.    Verdict for plaintiff in the sum of $1692.99.    Defendant filed motion for new trial and also exceptions to certain rulings and instructions of the presiding Justice.

Case stated in opinion.

*D. A. Meaher,* for plaintiff.

*Chapman & Brewster,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

CORNISH, C. J.    The plaintiff, who carried on a trucking business in the city of Portland under the name of the Portland Trucking

Company, on March 2, 1912, ordered of the defendant corporation, a dealer in motor vehicles, a three ton Pope-Hartford truck. The order was in writing and by its terms the truck was to be of the model of 1912, with demountable rims, gas head lights, and a body of certain dimensions with adjustable sides. The agreed price was $3400 f. o. b. factory, of which $1,000 was to be in cash when the vehicle was ready for delivery, and the balance in a note for $2400 payable $200 each month, the truck to remain the property of the defendant until the note was fully paid.

There were no other specifications, and there were no express representations or guaranties of any kind. At the end of the order was this statement: "Note: No verbal agreement or promise not specified in this order will be recognized." It is not claimed however that any oral guaranty was made. The order was signed by both parties and by it their rights must be governed.

The truck arrived from the factory and was delivered to the plaintiff on April 4, 1912. The cash payment of $1,000 was then made and the note for $2400 was given. Soon after the employes of the plaintiff began to use the vehicle they discovered various defects in it, and these were remedied more or less satisfactorily by the defendant. At one time a machinist came from the plant of the Pope-Hartford Company and sought to correct the difficulties, but the plaintiff claims that the truck at no time operated properly, especially on country roads, and that it was not adapted to the purpose for which he purchased it. The plaintiff, in addition to the $1,000 initial payment, made certain other payments in cash and rendered service to the defendant in trucking, which was credited as cash, to the amount of $610 during the Summer and early Fall, as found by the Auditor, and he drove the truck in his business about four thousand, five hundred miles during that time.

On October 24, 1912, the defendant began foreclosure proceedings for default of the amount due on the note instalment and the foreclosure was completed without redemption.

Two years later, in September, 1914, the plaintiff brought this action for money had and received, to recover the amount paid toward the consideration, claiming a breach of implied warranty on the part of the defendant in the sale of the truck and a valid rescission on his own part. The jury returned a verdict in the sum of $1692.99, and the case is before the Law Court on defendant's motion and exceptions.

We need consider only the exceptions.    In the course of the charge, the jury were explicitly instructed in various forms of expression, that there was an implied warranty on the part of the seller that this auto truck was suitable for the business and adapted to the purpose for which it was purchased by the plaintiff.    This instruction went farther than the law warrants, under the facts of this case.

The rules of law governing warranties accompanying the sale of manufactured articles are well settled in this State, and the rights of the parties are clearly defined.    The defendant here was not a manufacturer to whom application had been made for the construction of a particular machine for a special and designated purpose, but he was a dealer in machines of standard and well known types manufactured by others.    Under the contract he was bound to supply a certain described and defined type of truck well known in the general market, to wit, a three ton Pope-Hartford of the model of 1912.    Of course it must be of that pattern with its parts properly constructed and assembled so as to meet the requirement of a merchantable or marketable machine.    Further than that he was not bound.    The contract carried with it no guaranty or warranty or representation of suitableness nor of adaptability to the plaintiff's business.    The plaintiff had made his own selection as to type and the responsibility for the wisdom of the choice rested on him, not on the seller.    *White* v. *Oakes*, 88 Maine, 367; *Lombard Water Wheel Co.* v. *Great Northern Paper Co.*, 101 Maine, 114, 6 L. R. N. S., 180 and note; *Philbrick* v. *Kendall*, 111 Maine, 198; *Armour Fertilizer Works* v. *Logan*, 116 Maine, 33.

The grounds on which the plaintiff based his claim for breach of warranty were two, first that the machine was not properly constructed, and second that it was not adapted to his work, especially in the sand and mud of country roads.    The first element was involved in this action, the second was not.    The jury however were instructed to consider both propositions on the question of breach of warranty. This was reversible error as it related to a vital point in the case.

*Exceptions sustained.*