[No. 15695.  Department One.  September 13, 1920.]

## FRED HOYT, *Respondent*, v. HAINSWORTH MOTOR COMPANY, *Appellant*.[1]

SALES (105)—IMPLIED WARRANTY—SALE BY DEALER—LIABILITY. A dealer selling an automobile of a particular model, of which he was known not to be the manufacturer, is not liable to the purchaser upon an implied warranty against latent defects which he could not have discovered by ordinary inspection and tests; his duty being fulfilled when he delivered a car of the particular model contracted for.

SAME (105)—IMPLIED WARRANTY—QUESTION FOR JURY. As a general rule, an implied warranty is a presumption of fact and not of law, based upon the presumed intent of the parties, but where only one inference can be drawn from the undisputed facts, the question becomes one of law for the court.

Appeal from a judgment of the superior court for King county, Hall, J., entered July 9, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*Roberts & Skeel* and *L. B. Schwellenbach*, for appellant.

*Revelle & Revelle* (*Lucas C. Kells*, of counsel), for respondent.

MAIN, J.—This is an action for damages for breach of an alleged implied warranty in the sale of an automobile. The case was tried to the court and a jury, and resulted in a verdict for the plaintiff. The defendant, at appropriate times, challenged the suffi-

[1]Reported in 192 Pac. 918.

ciency of the evidence and moved for a directed verdict. After the verdict was returned, motions for judgment *non obstante veredicto* and for new trial were served and filed. Both of these motions were overruled and a judgment was entered upon the verdict, after the plaintiff had elected to accept a judgment for less than the amount for which the verdict was returned. The defendant appeals.

In stating the facts it will be assumed that the evidence of the respondent is true where there is conflict. The appellant is a corporation organized under the laws of the state of Washington, and is engaged in the business of selling automobiles at Seattle, Washington. On April 5, 1918, it sold to the respondent a new 1918 model, six cylinder, Oldsmobile. At the time the car was sold, the appellant had on the floor of its showroom this particular car. It did not, however, sell this car, but sold a car of the model described. The respondent saw and looked at the car that was in the showroom. A few days after the respondent had agreed to purchase a car, the appellant delivered to him the car which he looked at in the showroom and then told him that it was the same car. The respondent operated the car, after it was delivered to him, for a period of approximately eleven months. The car was defective, in that the pistons were a little too small for the cylinders. The car did not prove to be satisfactory, and after having operated it for the time mentioned, the present action was instituted for the purpose of recovering damages for a breach of implied warranty. It should be noted and kept in mind that the appellant was not the manufacturer of the automobile, but simply a dealer. The theory of the respondent that the sale was not of a particular car but of a particular model will be adopted.

The appellant claims that, since it was a dealer and not a manufacturer, in selling the car there was no implied warranty against latent defects. The respondent claims that, since he purchased not a specific car but a car of a particular model, even though the appellant were a dealer, there would be an implied warranty against latent defects such as ordinary inspection would not disclose. The defect in this car was latent and one that ordinary inspection would not disclose. The controlling question is whether, under the facts stated, the appellant as dealer is liable upon an implied warranty, there being no express warranty. Upon the question as to whether the dealer is liable upon an implied warranty for a latent defect in an article sold, the decisions of the various courts that have passed upon the question are divided. In some it is held that there is such an implied warranty. The majority of the courts, however, in this country hold that, in the case of the dealer as distinguished from the manufacturer, there is no such implied warranty. Williston on Sales, § 233. This court, in *Hurley-Mason Co. v. Stebbins, Walker & Spinning*, 79 Wash. 366, 140 Pac. 381, Ann. Cas. 1916 A 948, L. R. A. 1915 B 1131, has adopted the majority rule; that is, that a dealer does not impliedly warrant against defects not discoverable by ordinary inspection and tests. In the course of the opinion in that case it was said:

"According to the great weight of authority, there is a distinction between executory sales by manufacturers and executory sales by dealers; the rule being that, on a sale by a manufacturer, there is an implied warranty of fitness for the purpose intended, and of freedom from defects not discoverable by ordinary inspection and tests, while on a sale by a dealer, there is no such implication, in the absence of a specific warranty to that effect. All that is required of a dealer is an exercise of good faith and fair dealing."

Under the undisputed facts in the present case, there was a sale of an automobile of known manufacture. There is a rule collateral to that above referred to as the majority rule, to the effect that, where an article of known manufacture is made by one not the vendor and the vendee knows this fact, there is no implied warranty by the dealer against latent defects. This rule, as stated by the circuit court of appeals for the eighth circuit in *Reynolds v. General Electric Co.*, 141 Fed. 551, is as follows:  -

"But where such a purchaser buys of a dealer a definite machine of known ·manufacture, which has been, or is to be, made by a builder who is not the vendor, and the vendee knows this fact, there is no implied warranty by the dealer, either against latent defects or that the machine or article will be suitable for the purposes for which such articles are commonly used, because the purchaser has the same knowledge and means of knowledge of these subjects as has the dealer. The vendee knows that they both rely on the character and reputation of the manufacturer. (Citing authorities.)"  ﹒

This is a natural corollary to the majority rule, or that of nonliability on an implied warranty by a dealer. There is no escaping the conclusion that the appellant in this case sold to the respondent an article of known manufacture of which the vendor or dealer was not the builder. The case comes squarely within this rule. The appellant relies upon the rule that, where goods of some specific kind are ordered of the manufacturer or dealer, which the buyer has neither inspected nor selected, there is an implied warranty that the article delivered shall be of fair average quality or goodness according to its kind, and free from remarkable defects. Mechem on Sales, § 1340. But, under this rule, as pointed out by the same author in § 1345, before a

dealer can be held liable on an implied warranty the conditions stated in the rule must be present.

". . . namely, an executory agreement by the dealer to supply an article not yet ascertained, but left to be determined by him according to his own judgment in view of the purpose to be subserved by it as communicated to him by the buyer."

This case, however, does not come within this rule. Nothing was left to be determined according to the judgment of the appellant, and his duty was fulfilled when he delivered a car of the particular model contracted for.

To review the many authorities cited in the respondent's brief and distinguish them *seriatim* would extend this opinion to an unreasonable length and serve no useful purpose. Generally speaking, it may be said that the cases cited fall into one of the four following classes: First, they are cases that have adopted what is called the minority rule, and not the rule of the majority as adopted in the *Hurley-Mason* case. Such cases would not be persuasive in this jurisdiction so long as the rule of the case referred to stands. Second, cases where there is an express warranty. Third, cases where the purchaser desires an article for a specific purpose and communicates this purpose to the dealer and the latter undertakes to furnish an article suitable for the purpose specified. The case of *Hausken v. Hodson-Feenaughty Co.*, 109 Wash. 606, 187 Pac. 319, is within this class. Fourth, where goods of some specific kind are ordered of the manufacturer or dealer which the buyer has neither inspected nor selected. As already pointed out, the present case does not fall within this rule.

The respondent's contention that an implied warranty is an inference of fact, and therefore a question

for the jury to determine, has not been overlooked. It may be admitted that, as a general rule, an implied warranty is a presumption of fact and not of law, based upon the presumed intent of the parties. If the facts were such that more than one inference might reasonably be drawn therefrom, it will be assumed that it would be the province of the jury to determine the proper inference. Where, however, only one inference can be drawn from the undisputed facts, there is no function for the jury to perform, and the question becomes in effect one of law. The automobile in question being one of known manufacture of which the appellant as dealer was not the builder, under the majority rule as adopted in the *Hurley-Mason* case, and the corollary thereto as stated in the *Reynolds* case, there can be no recovery in this case. This being decisive of the action, it is unnecessary to review the other questions presented and disclosed in the briefs. To hold otherwise than that indicated would be to apply a different rule in this state to the sale of automobiles by a dealer than is applied when other articles are so sold. We see no reason why the sale of an automobile by a dealer should not be controlled by the general rule. The purchaser can protect himself by exacting from the dealer an express warranty.

The judgment will be reversed, and the cause remanded with directions to the superior court to dismiss the action.

HOLCOMB, C. J., MITCHELL, PARKER, and TOLMAN, JJ., concur.