GREENLEE et al. v. CONSOLIDATED OIL
CO. OF TEXAS et al. (No. 1310.)

(Court of Civil Appeals of Texas. El Paso.
March 30, 1922. Rehearing Denied
June 1, 1922.)

**1. Parties** ⚲➾7(1)—**Trustees of trust estate
may sue in their own names for price of goods
sold.**

The trustees of a trust estate, being owners
of the legal title to its property, may sue and
recover judgment in their own names for the
purchase price of goods sold by it.

**2. Sales** ⚲➾52(7)—**Evidence held to support
findings that sellers did not make false rep-
resentations alleged, and that purchaser did
not rely thereon.**

Evidence *held* sufficient to support the
jury's findings, in an action for the purchase
price of well casing, that plaintiffs did not
represent that it was 40-pound casing, and that
defendant did not rely on such representations.

**3. Sales** ⚲➾36, 270—**Issues of mutual mistake
and implied warranty of fitness held inap-
plicable, where purchaser relied on his own
investigation.**

In an action for the purchase price of well
casing, where the evidence showed that plain-
tiffs made no positive representation as alleged
that the casing was 40-pound casing, and that
defendant inspected and tested the casing to
ascertain its weight, and relied on his own in-
vestigation, the issues of mutual mistake and
implied warranty of fitness for the purpose for
which plaintiffs knew it was being purchased
were inapplicable.

**4. Appeal and error** ⚲➾1140(3) — **Error in
award of damages cured by remittitur.**

Error, if any, in an award of damages is
cured by a remittitur of the amount improperly
awarded.

Appeal from District Court, Eastland
County; Geo. L. Davenport, Judge,

Action by D. S. Rumph and others, trustees
of the Consolidated Oil Company of Texas,
against C. C. Greenlee and another, partners.
Judgment for plaintiffs, and defendants ap-
peal. Judgment, less sum remitted by plain-
tiffs, affirmed.

Shepherd & Kelly, of Eastland, and Shep-
herd & Lankford, of Cisco, for appellants.
Barker & Barker, of Cisco, for appellees.

HIGGINS, J. D. S. Rumph, S. P. Rumph,
and H. E. Wakefield, trustees of the Consoli-
dated Oil Company of Texas, brought this
suit against C. C. Greenlee and C. L. Wal-
thers, composing the firm of Greenlee and
Walthers, to recover the sum of $4,208, the
purchase price of certain well casing sold by
the Consolidated Oil Company to said firm. A
writ of attachment was sued out and levied
upon certain property, which was thereafter
replevied by the defendants. The defendants
answered, admitting that they had purchas-
ed the casing at the price sued for, but
bought it upon the special representation and
guaranty upon the part of the plaintiffs
that it was 10-inch 40-pound casing, upon
which representation and guaranty they re-
lied in making the purchase, and that the
casing was not 40-pound casing, but 30-
pound, and they tendered back such casing
to the plaintiffs. It was further alleged that
when they made the purchase they informed
plaintiffs that they needed 40-pound 10-inch
casing for use in a well which they were
then drilling, which plaintiffs knew, and the
plaintiffs sold the casing to them knowing
the use for which it was desired, and that
it was worthless for the purpose. The de-
fendants reconvened for damages sustained
by them by reason of the fact that the cas-
ing was not of the weight contracted for,
and also sought damages for the alleged
wrongful and malicious issuance of the writ
of attachment. The case was submitted to
a jury upon special issues.

The findings pertinent to the issues pre-
sented by this appeal are as follows: That
the casing was not 40-pound casing. That
neither D. S. Rumph nor S. P. Rumph rep-
resented to Greenlee that the casing they
were offering to sell him was 40-pound cas-
ing, and that Greenlee did not rely upon
any such representations at the time the
purchase was made. The negotiations be-
tween the parties were conducted by D. S.
Rumph and S. P. Rumph representing the
Consolidated Oil Company, and C. C. Green-
lee representing the defendants. The testi-
mony shows that Greenlee approached the
Rumphs for the purpose of buying some
10-inch 40-pound casing, and, according to.
the testimony of the Rumphs, they stated to
Greenlee that they had some casing which
was bought for 40-pound casing. Both of
the Rumphs deny that they made any rep-
resentations that the casing was in fact
40-pound casing, and they testified that the
extent of their representation was that they
had bought it and paid for it as 40-pound
casing. There is also ample evidence to show
that Greenlee in making the purchase did
not rely upon any representation made by
the Rumphs, for it is shown that he inspect-
ed the casing in company with one of the
Rumphs, and for the purpose of ascertaining
its weight obtained calipers and calipered
the casing; it being also shown that this
was an approved method of ascertaining
the weight of casing. There is also evidence
that after having inspected the casing and
calipered it he expressed himself as satis-
fied with its weight, and thereupon made
the purchase.

[1] The first assignment is that the court
erred in rendering the judgment in favor

⚲➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the trustees of the Consolidated Oil Company because the evidence shows that the casing belonged to the company. This matter presents no error. The trustees being the owners of the legal title, they were authorized to sue in their own names, and judgment in their favor was properly rendered. Aldridge v. Pardee, 24 Tex. Civ. App. 254, 60 S. W. 789; Sears on Trust Estates, p. 207.

[2] The second assignment is to the effect that the court erred in rendering judgment for the plaintiffs upon the findings that the Rumphs made no representations, and that Greenlee did not rely upon any representation because the evidence is positive and practically uncontroverted that the Rumphs did make such representations, and that Greenlee, relying thereon, made the contract of purchase. We cannot concur in this view of the evidence. The evidence abundantly supports the jury's findings upon these issues.

[3] The third and fifth assignments are to the effect that the defendants were entitled to a rescission of the contract of sale because the undisputed evidence is that the parties were mutually mistaken as to the weight of the casing. In the first place we doubt if the issue of mutual mistake as a ground for rescission is presented by the pleadings. But, if properly pleaded, it would have no application here, in view of the evidence that there was no positive representation upon the part of the Rumphs that the casing was 40-pound casing, and in view of the further evidence that Greenlee made an inspection of the casing, examined and tested it for the purpose of ascertaining whether it was 40-pound casing, and relied upon his own investigation as to its weight. Graves v. Haynes (Tex. Com. App.) 231 S. W. 383; Cresap v. Manor, 63 Tex. 485; Garrett v. Burleson, 25 Tex. Supp. 41.

And for the same reason the fourth assignment is without merit, wherein it is contended that there was an implied warranty that the casing was fit for the purpose for which it was desired, of which purpose the Rumphs were aware.

For the same reason the sixth assignment presents no error.

[4] The seventh assignment and another matter presented as fundamental error relate to an item of $200 of actual damages sustained by the defendants for the alleged wrongful issuance of the writ of attachment. The appellees have filed a remittitur of this amount, and error, if any, thus presented is cured by the remittitur so filed.

The judgment of the court below, less the sum of $200 remitted, is affirmed.

The costs of the appeal are taxed against the appellees.

