[Sac. No. 3391. In Bank.—February 16, 1923.]

ANNA WARDLOW, Respondent, v. F. H. SANDERSON, Sr., et al., Copartners, etc., Appellants.

[1] CONTRACTS—RESCISSION—ACTION FOR BREACH OF CONTRACT.—An action cannot be maintained for an alleged breach of a contract for the sale of personal property, where the evidence shows that the contract was rescinded by mutual consent of the parties.

[2] SALES—RECOVERY OF PURCHASE PRICE—RESCISSION.—Recovery of the purchase price of certain personal property cannot be had by the purchaser on a count for money had and received for his benefit, where he was not entitled to and did not rescind the sale.

[3] ID.—WARRANTY.—A mere contract of sale or agreement to sell does not imply a warranty, except as prescribed in the article of the Civil Code relating to warranties of sales.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Reversed.

The facts are stated in the opinion of the court.

Max B. Jamison for Appellants.

Waldo E. Burford and Guy Knupp for Respondent.

LENNON, J.—This case is here on rehearing after judgment of the district court of appeal of the second district, division one, reversing a judgment made and entered by the trial court in favor of the plaintiff. The court of appeal concluded, and accordingly adjudged, that the judgment against the defendants could not be sustained, upon the theory that there had been a rescission of the first contract entered into between the plaintiff and the defendants and

190 Cal.—27

which was the basis of the plaintiff's cause of action. The conclusion of the court of appeal in this behalf was made and based upon the theory that the evidence adduced upon the entire case in the court below did not warrant nor support a finding that there had been a rescission of the contract referred to. At first blush it did not appear to us why said contract, even under the facts narrated in the opinion of the court of appeal was not rescinded. A rehearing was granted primarily for the purpose of ascertaining the state of the evidence upon the subject of the rescission of the first contract, and now, after a careful consideration of the record, we are constrained to the conclusion that the court of appeal was correct in its statement of the facts and its application of the law, and, accordingly, the opinion of Mr. Presiding Justice Conrey is hereby adopted and made the opinion of this court, as follows:

"On or about April 1, 1919, appellants, in consideration of the sum of $1,545 paid by respondent to appellants, sold and delivered to respondent one certain model S–25 Samson tractor. This tractor was equipped with a defective motor, and by reason thereof would not perform the work for which it was sold; that is to say, respondent purchased the tractor for use in her orange grove, and the fact that it was purchased for this purpose was known to appellants at the time of the sale. Respondent kept the tractor and endeavored to use it until the following November. From time to time appellants attempted to remedy the defects, but without success. Appellants were not the manufacturers of the tractor, but were engaged in the business of selling such tractors. Respondent did not attempt to rescind the sale, and did not bring any action for damages for any alleged breach of the contract of sale. On the 7th day of November, 1919, respondent and appellants entered into a contract, the material part of which is as follows: 'We agree to sell Mr. Wardlow one 30–X Samson tractor to be delivered as soon as possible for his S–25 and $400.' The Mr. Wardlow mentioned in this contract is the son of respondent, and it is admitted that he represented her in the transaction. At the same time, and in part performance of this agreement, the S–25 was delivered by respondent to appellants. About thirty days later, with the consent of appellants, respondent by her said agent, rescinded the con-

tract of November 7th by writing thereon the following: 'Having changed our mind we have decided not to take the 30–X and agree to let Sanderson sell the S–25 for $1470. Sanderson agrees to sell this tractor within sixty days. Mrs. Jas. Wardlow. Per Ralph Wardlow.' The S–25 was not sold. At the time of the trial of this action it remained on the premises of appellants without any further agreement concerning same.

"The amended complaint in this action is in two counts. The first count alleges the making of the original sale; the defects and failure of the S–25; the agreement of November 7th; the delivery of the S–25 to appellants; 'that thereafter and after a reasonable time had elapsed the said plaintiff demanded of and from the said defendants that said defendants perform their agreement and deliver to the said plaintiff the aforesaid model 30–X Samson tractor but to perform the agreement on the part and behalf of the said defendants to do and perform and to deliver said model 30–X Samson tractor to the said plaintiff, the defendants have and do now neglect, fail and refuse'; alleges that the plaintiff at all times has been ready, able and willing to perform her part of said contract, and that she has failed to pay said sum of $400 solely for the reason that appellants have refused to deliver the 30–X tractor; that after such refusal, the plaintiff demanded the return of said sum of $1,545, but that defendants have failed, neglected and refused to repay the same. The second count of the complaint is in the ordinary form of a complaint in an action for money had and received by the defendants to and for the use of plaintiff.

"The answer of the defendants denied the principal allegations of the complaint other than those alleging the original sale and the making of the contract of November 7th. The answer also alleged the fact of rescission by mutual consent of the contract of November 7th. The court made findings and entered judgment in favor of the plaintiff. Without reviewing the evidence, we shall assume that it is sufficient in fact to support all of the findings except the finding that it is not true that the contract of November 7th was rescinded. The evidence, without any conflict therein, shows that the rescission was made as hereinabove stated.

"The evidence concerning the defective condition of the S–25 tractor was received over the objection of appellants that the same was incompetent, irrelevant and immaterial. The defects shown by the evidence thus received are indefinite, concerning the particular faults of the tractor, other than that when put to use in respondent's orchard, it would run for a short time and would then cease to operate satisfactorily and would not produce the power necessary for the work required. For some reason not explained, the motor failed to develop power sufficient for satisfactory use of the machine in the plaintiff's orchard. It remained in the possession of the plaintiff for more than six months, except during such time as it was in the place of business of appellants, or elsewhere, for purposes of repair. It appears to have been in the possession of respondent immediately prior to the time when she delivered it to appellants under the contract of November 7th.

[1] "The first count of the complaint attempts to state a cause of action for breach of contract of November 7th. It is clear that respondent's right to recover on that count must be defeated by reason of her voluntary rescission of the agreement on which that cause of action is based.

[2] "It only remains to determine whether the plaintiff is entitled to recover under the second count, which seeks recovery of the original purchase price of the S–25 as for money had and received by defendants for the use of plaintiff. This cause of action cannot be sustained unless the plaintiff was entitled to and did rescind the original sale of the S–25 tractor. The transaction of November 7th was not a rescission, and the delivery of the tractor by respondent to appellants at that time was not pursuant to any rescission or notice of rescission. No agreement was made that the transaction of November 7th was or should be considered to be in the nature of a rescission, and it is clear that without the consent of appellants respondent did not at that time have any right to rescind. There had been no breach of any warranty of sale on the part of the vendor.

[3] In the article of the Civil Code relating to warranties of sales it is declared that 'Except as prescribed by this article a mere contract of sale or agreement to sell does not imply a warranty.' (Civ. Code, sec. 1764.) That article does not provide for any warranty applicable to the

facts of this case. (*Remsberg* v. *Hackney Mfg. Co.*, 174 Cal. 799, 803 [164 Pac. 792] ; *Brackett* v. *Martens,* 4 Cal. App. 249, 255, 256 [87 Pac. 410].)    There is no evidence of any express warranty.    In stating one of his questions to the witness Ralph Wardlow the attorney for the plaintiff referred to the original contract for the S–25 as being a document then in his hands; but it is not in the record and nothing has been said concerning its contents.    The court should have sustained the objections of appellants to the questions concerning the condition of the S–25 tractor, or should have granted their motion to strike out that evidence, because it was not relevant to the issues of the case.''

For the reasons given in the foregoing opinion the judgment is reversed.

Myers, J., Kerrigan, J., Waste, J., Lawlor, J., Seawell, J., and Wilbur, C. J., concurred.