No. 25,495.

CLARK LUMBER COMPANY, *Appellee,* v. IRA D. KELLEY, *Appellant.*

SYLLABUS BY THE COURT.

MECHANICS LIEN—*Material for Construction of Building—Breach of Warranty —Instructions.* Instructions given the jury in an action to foreclose a mechanic's lien for material furnished for construction of a building, relating to a counterclaim for damages resulting from breach of warranty of quality of the material, considered, and *held,* the instructions correctly covered the case made by the answer and the evidence supporting it.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed December 6, 1924. Affirmed.

*Charles H. Apt,* and *Frederick G. Apt,* both of Iola, for the appellant.

*Oscar Foust, John W. Brown,* and *Kenneth H. Foust,* all of Iola, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to enforce a mechanic's lien for material furnished for construction of a building. Defendant counterclaimed damages resulting from breach of warranty of quality of the material. Plaintiff recovered and defendant appeals.

The answer alleged that while defendant was engaged in con-

structing a building, he negotiated with plaintiff's agent for purchase of Acme cement or plaster, which plaintiff, through its agent, orally represented was and would be good, first-class material to be placed on the walls and ceilings of the building; and that as a part of the consideration for the purchase plaintiff warranted the material to be fit and proper for the purpose for which defendant was buying it. To sustain his answer, defendant testified as follows:

"I purchased materials for the theater building on Washington avenue, Iola, some Acme plaster, lime, lumber, etc. I asked Mr. Kirk how he was fixed on plaster. He said he had plenty, and would be glad to supply me; that he had a fresh car in, and it was in good shape and everything, and he would be glad to take care of me. I told him it would take quite a bit, and he said he would be in good shape to take care of me, and would appreciate the business. He said it was first-class stuff; first-class material for plastering in the theater building, and the rooms above, and the balcony of the theater building. He said he would guarantee me good stuff, because he had a fresh car in, and he knew it was No. 1 stuff. I got Acme plaster, . . . Acme plaster is used to make the brown mortar that goes next to the lath, . . ."

Plaintiff's agent testified the transaction was nothing more than a sale of the material, and nothing was said about warranty or guaranty. While no issue was made on the subject, it appears from the testimony that the material is a kind of plastering material manufactured by a certain company for sale in the ordinary course of trade. The correct name of the material appears to be "Acme cement plaster," which contractors, plasterers and others abbreviate to "Acme cement," "Acme plaster," or simply "Acme."

Defendant asked for an instruction relating to the implied warranty of a seller who undertakes to supply an article for a particular use made known to him. The court instructed the jury as follows:

"If a manufacturer or dealer contracts to sell a known and described thing in existence, although he may know the purchaser intends it for a specific use, if he delivers the thing sold, there is no implied warranty that it will answer or is suitable for the specific use to which the purchaser intends applying it. But the defendant in this case claims that the plaintiff expressly warranted and represented to him that the materials sold were fit and proper for use in the particular undertaking in which defendant notified the plaintiff they were to be used, and were capable of producing a first-class job of work. An express warranty means one consisting of spoken or written words, and although the word "warrant" or "guarantee" or "represent" need not be used, yet whatever words were used must substantially mean that the seller undertakes that the material sold will be of a given quality or fit and suitable for a given use or capable of producing a given result. If by a preponderance of the evidence in this case you find that the plaintiff, through its manager, C. T. Kirk, did make

the warranty, guaranty or representations claimed by the plaintiff [defendant], or any of them, and without the fault of the defendant they were untrue or not fulfilled, then there would be a breach of warranty, and the plaintiff would be liable to defendant in damages therefor."

The first part of the instruction was correct. (*Ehrsam v. Brown,* 76 Kan. 206, 91 Pac. 179; *Lumber Co. v. Mercantile Co.,* 114 Kan. 10, 216 Pac. 815.) The remainder of the instruction was correct, and covered the case made by the answer and the testimony supporting it. Defendant did not counterclaim on an implied warranty, the answer was not framed on that theory, the testimony of defendant was that an express warranty was given, and an express warranty excludes an implied warranty relating to the same subject. (*Thresher Co. v. Nelson,* 105 Kan. 517, 184 Pac. 982.)

It will be observed the word "plaintiff" appears in the instruction given where the word "defendant" should have been used. The instruction left no doubt about who was claiming warranty. Complaint is made respecting the court's instruction relating to the amount of plaintiff's recovery. Defendant stated in open court it did not dispute the amount of plaintiff's items. Other criticisms of the instructions are without merit, and assignments of error relating to subjects other than instructions are not well founded.

The judgment of the district court is affirmed.