No. 28,508.

C. T. PARKER, *Appellant,* v. THE HUTCHINSON MOTOR CAR COMPANY and ED. M. WATKINS, *Appellees.*

(274 Pac. 1115.)

Opinion filed March 9, 1929.

*F. S. Macy,* of Liberal, for the appellant; *C. T. Parker,* of Hugoton, *pro se. C. G. Dennis,* of Sublette, *C. E. Vance, C. R. Hope* and *A. M. Fleming,* all of Garden City, for appellee Ed. M. Watkins.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover damages sustained by him in the purchase of an Essex automobile from the defendant Watkins. Judgment was rendered in favor of the defendants on their demurrer to the evidence of the plaintiff, who appeals. There is no issue between the plaintiff and the Hutchinson Motor Company.

Was the evidence of the plaintiff sufficient to compel its submission to the triers of fact? The evidence of the plaintiff established that Ed. M. Watkins was a local representative of the Essex automobile

at Sublette; that he sold an automobile of that make to the plaintiff; and that at the time of the sale the latter knew that Watkins was only a dealer in Essex cars and was not the manufacturer thereof.

The plaintiff testified that—

"Watkins approached him [the plaintiff] while he was looking at the car in the show window and asked him if he was interested; and at later times they talked about it until they finally made a trade—at least three days; he was not familiar with the Essex car prior to the time he made the deal; Watkins made representations about the car; that it was an unusually good car and had given exceptionally good service; that lots of them were in use; it would give unusually long mileage and would be economical in doing it."

The plaintiff further testified that—

"He believed the statement to be true and did not have any other source of knowledge as to the quality of the automobile."

The plaintiff also testified that he drove the car carefully; that after it had been driven one thousand miles it needed some repairs; that repairs were made; that it would not stay in high gear; that when driving it it would fly out of high gear into neutral; that it would not oil; that the bearings could not be kept tight; and that it would knock and pound so that it could not be driven.

Defendant Watkins argues that there was no implied warranty by him against defects which could not have been discovered by ordinary inspection, and that when he delivered the car he was discharged from liability on account of undiscoverable defects.

The principle contended for by the defendant Watkins was declared by this court in *Ehrsam v. Brown*, 76 Kan. 206, 91 Pac. 179, as follows:

"Where a dealer contracts to deliver to a purchaser at an agreed price a known, described and specified article, manufactured generally for the trade, there is no implied warranty against latent defects of which the dealer has no knowledge." (Syl. ¶ 2.)

That principle has often been recognized by this court. (*Safe and Lock Co. v. Huston*, 55 Kan. 104, 39 Pac. 1035; *Ehrsam v. Brown*, 64 Kan. 466, 67 Pac. 867; *Thresher Co. v. Nelson*, 105 Kan. 517, 519, 184 Pac. 982; *Kaull v. Blacker*, 107 Kan. 578, 582, 193 Pac. 182; *Lumber Co. v. Kelly*, 117 Kan. 285, 287, 231 Pac. 71.)

The defendant cites three cases from other states where this rule has been followed in the sale of automobiles. (*Flaherty v. Motor Carriage Co.*, 117 Me. 376; *Industrial Finance Corp. v. Wheat*, 142 Miss. 536; *Hoyt v. Hainsworth Motor Co.*, 112 Wash. 440.)

Did the statements made by Watkins at the time the car was sold to the plaintiff amount to a warranty of the particular car that was sold? The representations "that it was an unusually good car and had given exceptionally good service; that lots of them were in use," could not have applied to the car that was sold because it had not given any service and had not been in use. The statement that "it would give unusually long mileage and would be economical in doing it," could have applied to this particular car, but taken in connection with the remainder of the representations that were made must have applied to Essex cars in general. When so applied, the statements cannot be regarded as more than "puffing statements" or "sales talk." This rule was followed in *Woods v. Nicholas,* 92 Kan. 258, 140 Pac. 862, where this court said:

"A mere puffing statement by the seller as to the quality of an article sold or exchanged is generally regarded as an expression of opinion, and of itself does not constitute fraud as against the buyer.

"It is a general rule that if an article is sold for any and all purposes for which it is adapted, and not by a manufacturer or producer for a particular purpose, and it is open to inspection by the buyer, the rule of *caveat emptor* applies." (Syl. ¶¶ 3, 4.)

See, also, 26 C. J. 1097 and 12 R. C. L. 379.

Other than as above indicated, there is nothing in the abstracts which tends to show that the representations made by the defendant to the plaintiff at the time the car was sold had any reference to that particular car. It was incumbent on the plaintiff to prove that the representations were made concerning the particular car sold. That he failed to do. Under the rule of law declared in *Ehrsam v. Brown,* supra, it must be held that the plaintiff failed to establish a cause of action, and for that reason the demurrer to his evidence was properly sustained.

The judgment is affirmed.