**NOBLE v. SEARS ROEBUCK & CO. et al.**
No. 20955.

District Court, W. D. Washington, N. D.
Oct. 2, 1935.

Guie & Guie and Moore, Fullerton & Moore, all of Seattle, Wash., for plaintiff.

Poe, Falknor, Falknor & Emory, of Seattle, Wash., for defendant Sears Roebuck & Co.

BOWEN, District Judge.

The question presented on this demurrer is whether or not a seller of an article of merchandise manufactured by another, not known to the seller to be imminently or inherently dangerous to the life or limb of any one who may use it for the purpose for which it is intended, is liable to a third person for injuries resulting from manufacturing defects.

The general rule is that a seller does not impliedly warrant against defects not discoverable by ordinary inspection or test. Hoyt v. Hainsworth Motor Co., 112 Wash. 440, at page 442, 192 P. 918.

One who sells an article known to be imminently dangerous to another, without notice to the buyer of its qualities, is liable to any person who suffers injury therefrom which might have been reasonably anticipated, whether there were contractual relations between the parties or not. Lynch v. International Harvester Co. (C. C. A.) 60 F.(2d) 223; Huset v. J. I. Case Threshing Machine Co. (C. C. A.) 120 F. 865, 61 L. R. A. 303.

A seller of an article of known or described manufacture, manufactured by another, is not liable to the purchaser for damages resulting from latent defects when the article is not known to the seller to be inherently dangerous to the life or limb of any one who may use it for the purpose for which it is intended. Reynolds v. General Electric Co. (C. C. A.) 141 F. 551; Braden v. Mountain Iron & Supply Co. (C. C. A.) 32 F.(2d) 244; Hoyt v. Hainsworth Motor Co., 112 Wash. 440, 192 P. 918. The same rule applies with stronger reason to claims against the seller by third persons for injuries resulting from latent defects, in the absence of notice of defects or of privity of contract, or where the injuries were not reasonably anticipated. Lynch v. International Harvester Co. (C. C. A.) 60 F.(2d) 223; Kramer v. Mills Lumber Co. (C. C. A.) 24 F.(2d) 313, 60 A. L. R. 366;

Kress & Co. v. Lindsey (C. C. A.) 262 F. 331, 13 A. L. R. 1170.

Plaintiff's complaint alleges that plaintiff's employer in the restaurant business "purchased from Sears Roebuck & Co. one steam pressure cooker, named 'Kook-Kwick,' manufactured by the said National Pressure Cooker Company and sold by it to, by and through the said defendant, Sears Roebuck & Co., to be used for the purpose of cooking and preparing food by cooking the same under steam pressure," and that the cause of the damages sustained by plaintiff was "structural weakness of said cooker, insufficient inspection in its manufacture, improper combinations of material causing weakness and crystallization and fatigue of the metals used in its construction." The complaint does not allege any specific breach of contract or specific act of negligence by the seller, Sears Roebuck & Co. The complaint does not allege as against the seller, or at all, that the cooker was inherently dangerous to the life or limb of any one using it, nor that such dangerous condition, if any, was known or should have been known to the seller, nor that the seller in any way failed to exercise good faith and fair dealing.

The demurrer of the seller defendant, Sears Roebuck & Co., will be sustained. Form of order may be settled upon notice.