[L. A. No. 14112. In Bank.—December 30, 1935.]

P. W. LACY, Respondent, v. GREER-ROBBINS COMPANY (a Corporation), Appellant.

Neil S. McCarthy, Earl L. Banta and Howard P. Hall for Appellant.

Bradner & Weil and Jerold E. Weil for Respondent.

THE COURT.—This case was transferred to this court from the District Court of Appeal of the Fourth Appellate District, after decision by that court, for the purpose of giving further consideration to the question of an implied warranty in the sale by a dealer of an automobile which, after such sale, proved to be defective and unfit for use. We have devoted some time to the study of the sections of the

Civil Code relating to the subject of warranties in the sale of personal property in effect at the date of said sale and of the decisions of this state construing these sections of the code, and are constrained to agree with the decision of the District Court of Appeal in holding that in the sale of said automobile there was no implied warranty as to its fitness to perform either the special purpose for which it was purchased or the general purposes for which machines of that character are used. We therefore adopt the opinion of that court, written by Mr. Presiding Justice Barnard, and make it the opinion of this court. It is as follows:

"On February 9, 1931, the plaintiff agreed to purchase from the defendant under a conditional sales contract a new Chrysler automobile for $2,282.67, payable in instalments. Within a day or two he discovered that the machine did not operate properly and took the same to the defendant's place of business to have the defects corrected. The defendant's employees were unable to discover what caused the trouble and told him to drive the car 'another thousand miles', and that the defects might disappear when the car was broken in. The defective condition of the car continued and the plaintiff had it in the defendant's garage some twenty times, sometimes leaving it there several days at a time. The defendant's employees were never able to locate the cause of the trouble, and finally, in August, 1931, the plaintiff was told that nothing more would be done for him. Having by that time paid $890 on account of the purchase price, he gave notice of rescission, tendered back the car and demanded the return of the amount paid. The defendant refused to comply with the demand for rescission but took possession of the car when the plaintiff refused to make the next payment. The plaintiff brought this action to recover the amount paid and recovered judgment for $380, the court finding that the value of the use of the car in the meantime was $510. From the judgment entered the defendant has taken this appeal.

"The court found that this automobile was defective and not suitable for the purpose for which it was intended. Although not without conflict, the evidence supports these findings. The main question here presented is whether the evidence supports certain other findings to the effect that the appellant had warranted to the respondent that the auto-

mobile would function properly, that it was sound, merchantable and fit for the purposes for which it was intended, and that the appellant had no knowledge of any defects in the car. The court further found that the respondent relied upon each and all of these facts and that 'each of said warranties was, and all of them were untrue'.

"The conditional sales contract was not introduced in evidence and is not before us. The respondent, conceding that there were no express warranties and that no statements were made to him, relies entirely upon the contention that there was an implied warranty that this automobile would be suitable to serve the ordinary purposes for which it was made and sold. It was a new car which was not manufactured by the appellant and the respondent purchased the same after looking at it on the floor of the salesroom.

"In *Silverthorne* v. *Simon,* 59 Cal. App. 494 [211 Pac. 26], the court said: 'The contract contains nothing in the nature of a warranty and the mere conditional agreement to sell does not imply a warranty (Civ. Code, sec. 1764).' In *Wardlaw* v. *Sanderson,* 190 Cal. 417 [213 Pac. 35], it is said: 'There had been no breach of any warranty of sale on the part of the vendor. In the article of the Civil Code relating to warranties of sales it is declared that "Except as prescribed by this article a mere contract of sale or agreement to sell does not imply a warranty." (Civ. Code, sec. 1764.) That article does not provide for any warranty applicable to the facts of this case.'

"The provisions of the Civil Code relating to such warranties were amended in 1931, but we are here concerned with the law as it existed prior thereto. While certain other cases are relied upon by the respondent these cases involved either express warranties or facts which brought them within the exceptions provided in this article of the Civil Code before these amendments became effective.

"It is argued that the facts of this case bring it within the exceptions formerly provided by sections 1767 and 1771 of the Civil Code. While the court found that at the time the respondent agreed to purchase this automobile he relied upon the advice and judgment of the appellant, that the appellant well knew this fact, that at that time the automobile was 'inaccessible to the examination of the plaintiff as to its mechanical construction', that the respondent had no

knowledge or means of knowledge of such matters, that the appellant had full knowledge of the actual condition of the automobile, and that the appellant failed to inform the respondent concerning said condition, the record is entirely devoid of evidence to sustain any of these findings. There is no evidence that the appellant made any statements or gave any advice to the respondent, and none that the appellant knew of the defects which later developed or had knowledge of any fact which would destroy or affect the buyer's inducement to buy. Nor do we think this automobile was inaccessible to the examination of the buyer, within the meaning of section 1771 as it then read. The car was there and was looked over to some extent by the buyer and it has been frequently held that this section has no application where an opportunity to examine the merchandise exists but where a complete examination is not made because the same would involve some expense and inconvenience. The respondent had an opportunity to examine the car if he so desired, and it fully appears that the appellant had no knowledge of the defects which later appeared.

"There being no evidence in the record to bring this case within any of the exceptions then provided for in the article of the Civil Code referred to, it follows that a warranty cannot be implied, and that these essential findings are without support in the evidence."

The judgment appealed from is reversed.