## McMORRIES v. CLARDY et al.

### No. 4736.

Court of Civil Appeals of Texas. El Paso.

May 31, 1950.

Rehearing Denied June 21, 1950.

Greenlees, Rodgers & Adams, Thomas & Thomas, all of Big Spring, for appellant.

Stubbeman, McRae & Sealy, Whitaker, Turpin, Kerr, Smith & Brooks, all of Midland, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Martin County. W. E. McMorries as plaintiff sought to recover damages from Carl Clardy, H. D. Keaton, Wes-Tex Equipment Company, Hudson Sales Corporation of Dallas, Texas, and Hudson Motor Car Company, Detroit, Michigan, as defendants. The trial was before the court with a jury, but at the close of evidence the court sustained the motion of defendants for an instructed verdict in favor of defendants Carl Clardy, H. D. Keaton, Wes-Tex Equipment Company, a corporation, and Hudson Sales Corporation, and judgment was entered in favor of such defendants on such instructed verdict. What disposition was made of defendant Hudson Motor Car Company, of Detroit, Michigan, does not appear from the transcript.

This litigation arose out of the sale by the defendant Wes-Tex Equipment Company, a corporation, of a new Hudson motor car. It was alleged by plaintiff that after the purchase of the car and same had been driven less than a thousand miles that numerous defects developed and the car would not operate efficiently. During the course of the trial plaintiff filed an amendment withdrawing from his petition all reference to express warranty in connection with the sale of the car and sought recovery on implied warranties only. Plaintiff inspected this motor car before he bought same; he concedes no representations were made to him as to the quality of the car. Beyond any question, shortly after the purchase of the car latent and serious defects developed therein, at least there was testimony offered raising this issue. There was testimony raising the issue that the car would not efficiently function as it was designed. The defendants disposed of by the judgment joined in a motion for an instructed verdict. Defendant Keaton, as ground for a verdict in his favor urged that the evidence failed to show he had any connection with the controversy; defendant Clardy urged that he did not act personally in the matter but only as the president of defendant Wes-Tex Equipment Company. Defendant Wes-Tex Equipment Company denied making any representations in regard to the car, further that no officer or agent was guilty of any fraud; that the car was sold under a trade name and after an inspection or opportunity to inspect by the plaintiff. There were other grounds urged by said defendant. Hudson Sales Corporation alleged as ground that it delivered the car to said Wes-Tex Equipment Company with the manufacturer's guarantee; that it did not participate in the sale and was not a party to the sale of the car to the plaintiff. There can be no question as to the correctness of the court's action in instructing a verdict in favor of Hudson Motor Sales Company and defendants Keaton and Clardy. Plaintiff relied on a breach of implied warranties arising by reason of the sale of the car to him. Said parties defendant were not the sellers of the motor car in question. The evidence fails to disclose a breach of a legal duty by them or any of them owing to the plaintiff.

If this motor car was defective at the time the Wes-Tex Equipment Company sold it to the plaintiff there is lacking any evidence that said defendant had any notice of this condition. Likewise lacking is any evidence that said defendant through its agents or employees made any representation as to the condition of this motor vehicle to the plaintiff. The evidence establishes that plaintiff relied on his own judgment in the purchase of this car. Here the question is not involved as to whether this motor vehicle was suitable for the purpose for which plaintiff purchased same. This was a definite and ascertained article, it was designed and intended but for one purpose. Notice of this purpose was mutually shared by the plaintiff and the seller. The buyer received exactly the article he selected. It was sold to him under a trade name.

 The question is narrowed to the determination of whether under the evidence the existence and breach of an implied warranty of soundness or merchantability was raised; defining merchantability

as a reasonable suitability for the ordinary use the article was manufactured to serve. The seller in this case is not the manufacturer, it was a mere dealer; for aught that appears from the evidence the buyer had as fair an opportunity to ascertain any defects, either patent or latent, as to the motor car in question. Lacy v. Greer-Robbins Co., 4 Cal.2d 770, 53 P.2d 161; Hoyt v. Hainesworth Motor Co., 112 Wash. 440, 192 P. 918. This was a definite and ascertained article, sold by a dealer under a trade name, and subject to the inspection of the buyer. The buyer, by his own testimony, in no way relied on any statement as to the quality or merchantability of the car made by the seller. Under the facts here presented there was no implied warranty on the part of the seller as to the quality of the car, no warranty as to either patent or latent defects. The doctrine of caveat emptor applies to the transaction. Simpkins on Contracts & Sales, 3d Ed., p. 917; Mechem on Sales, Vol. 2, Sec. 1311, p. 1128, also Sec. 1316, p. 1131; Williston on Sales, Vol. 1, Sec. 235, pp. 599–604; McKinney v. Fort, 10 Tex. 220; Joy v. Natl. Exchange Bank of Dallas, 32 Tex.Civ.App. 398, 74 S.W. 325; Greenlee v. Consolidated Oil Co. of Texas, Tex.Civ.App., 241 S.W. 599; Aeronautical Corp. of America v. Gossett, Tex. Civ.App., 117 S.W.2d 893. Here the constituting element of an implied warranty is lacking, that is, a justifiable reliance by the buyer on the seller as to the quality of the article purchased.

The trial court did not err in instructing the verdict in favor of the defendants. It is ordered that the judgment be in all things affirmed.

### On Motion for Rehearing.

After careful consideration we have decided to overrule this motion. The Hudson Motor Car Company of Detroit, Michigan, was a party. The record fails to show any service on such party. It is not shown to have any interest in the subject matter. It may be that plaintiff proceeding to trial without securing service impliedly dismissed as to such party. The case of

Lawhon v. Kirkpatrick, Tex.Civ.App., 26 S.W.2d 658 in a measure supports the holding that this is a final, appealable judgment. Furthermore, plaintiff's motion for a new trial urges error on account of dismissal of his suit against this defendant. The judgment denies all relief not granted.