NORVELL–WILDER SUPPLY COMPANY, Appellant,

v.

Jack RICHARDSON, d/b/a Richardson Drilling Company, Appellee.

No. 5207.

Court of Civil Appeals of Texas. El Paso.

March 13, 1957.

Rehearing Denied March 13, 1957.

George W. Svanas, Stowe & Harmon, Odessa, for appellant.

John R. Lee, Kermit, Robert Ziesenheim, Monahans, Warren Burnett, Odessa, for appellee.

HAMILTON, Chief Justice.

We overrule appellee's motions for rehearing. In said motions certain inaccuracies in our original opinion were called to our attention. We withdraw our original opinion and substitute the following as our opinion, wherein the inaccuracies are corrected, but without changing the effect of our holding.

This was a suit by Norvell-Wilder Supply Company, plaintiff in the court below and appellant herein, against Jack Richardson, doing business as Richardson Drilling Company, defendant in the court below and appellee herein, upon a sworn account for the balance due on oilfield material and equipment furnished to Richardson Drilling Company, in the amount of $17,917.65.

Appellee contested an item of 104 joints of second-hand drill pipe, in the total price of $10,445.33, on the ground of breach of warranty, and an item of rental on a mud pump in the amount of $7,440, claiming that the contract of rental was for $30 for each day that appellee used the pump, rather than for the days that appellee had the pump in his possession.

In answer to special issues, the jury found that the salesman of appellant had guaranteed the performance of the drill pipe for a period of ninety days, and that said salesman had apparent authority to make such guarantee. Also, the jury found that the rental contract for the pump was for the days the pump was in actual use by appellee, and not for the number of days he had the pump in his possession. Upon these findings, the court rendered judgment that appellant, Norvell-Wilder Supply Company, recover of appellee the sum of $332.-32, thereby denying recovery of $10,445.33, the price of the pipe, and denied recovery for 238 days rental of the pump by appellant; from which judgment the Norvell-Wilder Supply Company appealed.

The record reflects that the appellant, Norvell-Wilder Supply Company, was engaged in the general oil-field supply business. It did not manufacture any products; it did not guarantee any second-hand products it sold; and did not authorize any of its salesmen to do so. On new goods sold by appellant, it made no guarantee, but passed on whatever guarantee the manufacturer of the product made. The appellee, Jack Richardson, was an experienced oil-field drilling contractor, operating six drilling rigs. Joe Bailey Smith was a salesman for Norvell-Wilder Supply Company, and had been calling on the Richardson Drilling Company rigs for about thirty days when, in August of 1953, he, the salesman for Norvell-Wilder, sold to Richard-

son 104 joints of used 4½-inch drill pipe at $3.20 per foot, totaling $10,445.33. Appellee Richardson introduced evidence to the effect that the salesman, Joe Bailey Smith, guaranteed and warranted the pipe for performance for ninety days, which was denied by the salesman. The record reflects that Richardson had inspected the pipe, along with an experienced pipe and supply man of his choosing, before he bought the pipe. Richardson used the drill pipe in at least three wells before he quit using it because, as he stated, he was having too many "fishing" jobs with it.

The facts in regard to the rental of the mud pump are disputed. Appellant showed by evidence that the rental contract was $30 for each day the appellee had the pump in his possession. Appellee testified he was to pay $30 for each day he had the pump in use, which was only ten days.

It appears that the appellee relies upon the breach of express warranty given by appellant's salesman to defeat the appellant's claim for the payment of $10,445.33 for the second-hand drill pipe and, in the alternative, upon an implied warranty that the drill pipe was suitable for the purpose for which it was intended. It being undisputed that the salesman of appellant was not authorized to guarantee or warrant the second-hand drill pipe, appellee sought to show that said salesman had apparent authority to make the guarantee. In addition to other points, appellant makes the points of no evidence, and insufficient evidence, to support the finding of the jury on the issue of apparent authority of the salesman to guarantee the pipe.

■ We agree with the appellant that there was no evidence of probative force upon which the jury could base its finding that the salesman, Joe Bailey Smith, had apparent authority to guarantee the pipe, as the jury found he did do. It appears that the doctrine of "apparent authority" is based upon estoppel, as applied to the law of agency. In order to prove that an agent has apparent authority, it must be shown that the agent's principal by his words or conduct, has either willfully or negligently caused another to believe that the agent has certain authority which he does not actually have, and that he was induced to act upon that belief, so as to alter his own previous position:

2 Tex.Jur., 424 and 425.

■ In this case, the appellee failed to either allege or prove any act, word or conduct on the part of appellant that could cause the appellee to believe that Norvell-Wilder had given its agent authority to guarantee the second-hand drill pipe. The only conduct that appellee contends is such that it would cause appellee to believe that the salesman had such authority, are previous sales of new supplies, about which no question of guarantee was raised, and subsequent acts as follows: Rental of slush pump by appellant's salesman, Smith; acceptance of payment of promissory note; delivery of original chattel mortgage back to appellee with notation signed by salesman Smith that it had been paid in full. These last acts all happened months after the sale of the second-hand drill pipe and could, under no circumstances, be the basis of estoppel. The previous sale of new supplies, in the ordinary course of the salesman's employment, certainly is no evidence of apparent authority to guarantee second-hand drill pipe. The fact is that, in Jack Richardson's testimony, he did not claim that he was misled by any act or conduct of the appellant. He stated that he did not know whether Joe Bailey Smith had the authority to guarantee the second-hand pipe or not—he just assumed he had the authority to guarantee the pipe, since he had the authority to sell it.

■■ Appellee cannot rely on implied warranty, because the general rule in Texas is that there is no implied warranty of the quality of goods bought with the knowledge on the part of the buyer that they are second-hand, or used:

American Soda Fountain Co. v. Palace Drug Store, Tex.Civ.App., 245 S. W. 1032.

It has been held, in the case of Joy v. National Exchange Bank of Dallas, 32 Tex. Civ.App. 398, 74 S.W. 325, that one who buys second-hand machinery, from a person other than the manufacturer, may not complain of latent defects in the absence of pleading and proof of fraud. In this case there was no pleading and proof of fraud. Another reason why implied warranty will not apply in this case is that appellee inspected the pipe and had his own experienced pipe and supply man advise with him about the purchase of the pipe:

37 Tex.Jur., ¶ 121, pp. 281–283.

We think there is no merit in appellant's points 1, 2, and 3, which object to the submission of the special issues on the question as to whether the appellee was to pay for each day he had the slush pump in operation, as against appellant's contention that he was to pay for each day that he had the pump in his possession. There was sufficient evidence submitted by appellee that the agreement between appellee and appellant was that the charge for the pump was to be for the days that appellee used the pump, and the trial court was correct in denying recovery of $7,140 of the claimed rental for the pump.

We therefore affirm the trial court's judgment in the amount of $332.32, and reverse that part of the trial court's judgment denying to appellant recovery of the sum of $10,445.33 for the drill pipe, and here render judgment in the additional sum of $10,445.33 for the appellant, making a total of $10,777.65.